# Browder v. Irby.

### Statutory Action of Detinue.

1. *Effect of general demurrer.*—A demurrer to a replication because the matter and things therein set up are no answer to the plea, is general and, under the provisions of the statute (Code of 1886, § 2690), is properly overruled.

2. *Issue taken on immaterial pleading.*—When issue is taken on a replication, and the proof sustains it without conflict, the plaintiff is entitled to verdict and judgment even though the replication may be insufficient or immaterial; the insufficiency or immateriality of the replication having been waived by joining issue on it.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This was a statutory action of detinue, brought by the appellee, L. E. Irby, against the appellants, Hilliard Browder and Jake Wilson, in which the plaintiff claimed several specified articles of personal property. The defendants pleaded by separate and joint pleas that at the time of the execution of the mortgage, under which the plaintiff derived title to the personal property sued for, the defendants separately owned certain parts of the property sued for, and that their ownership was not joint or in common, and, therefore, each was wrongfully joined in the action with the other. To each of these pleas the plaintiff filed a replication, in which it was alleged that he derived title to all of the property sued for under a mortgage which was executed jointly by both of the defendants for a joint indebtedness, and that in said mortgage it was stated by the defendants "that said property is our own," meaning thereby that said property mentioned in said mortgage, and which is now sued for, is the joint property of both of the defendants, who are estopped from denying the joint ownership and possession of said property. To these replications the defendants demurred, on the ground that the matters and things set up therein are not sufficient in law as an answer to said plea.

This demurrer was overruled, and the defendants duly excepted. Issue was joined upon the replication, and the evidence introduced for the plaintiff tended to show that the averments of the replication were true, while the evidence for the defendants tended to show that the allegations of their special pleas were correct.

The defendants requested the court to give to the jury a charge which was a mere repetition of the facts stated in the plea, upon which the defendants asked for a verdict from the jury. The court refused to give this charge, and the defendants duly excepted.

There were verdict and judgment for the plaintiff. The defendants appeal and assign as error the rulings of the court upon the demurrers to the plaintiff's replications, and the refusal to give the charge requested by them

G. L. COMER, for appellant.—The plaintiff could not maintain this action against the defendants jointly. They separately owned different articles of property sued for.—1 Chitty's Pleading, (8th Amer. ed.), pp. 44, 121, et seq.; *Childress v. McCullough,* 5 Port. 62; *Henderson v. Felts,* 58 Ala. 590; *Lightfoot v. Jordan,* 63 Ala. 224; *Gilbreath v. Jones,* 66 Ala. 129; *Street v. McClerkin,* 77 Ala. 580.

A. H. MERRILL, *contra.*—The demurrer to the replication was a general demurrer, and was properly overruled. The demurrers to the replication being overruled, the legal effect of the situation of the case was that the defendants joined issue upon the replication; and the evidence shows that the allegations of the replication were proven. Under these circumstances the plaintiff was entitled to the general affirmative charge.—Code of 1886, § 2690; *Williams v. Bowdin,* 68 Ala. 126; *Grimmet v. Henderson,* 66 Ala. 521; *Donegan v. Wood,* 49 Ala. 242; *Morris v. Beall,* 85 Ala. 598; *Evitt v. Lowery Banking Co.,* 96 Ala. 381; *Jones v. Hagler,* 95 Ala. 529; *Kearney v. Kling,* 95 Ala. 230; *Reeves v. Skipper,* 94 Ala. 407; *M. & C. R. R. Co. v. Graham,* 94 Ala. 545.

BRICKELL, C. J.—As a general rule, applicable to all pleading in civil suits in courts of law, the statute declares, ''no demurrer in pleading can be allowed but to

[Andrews Manufacturing Co. v. Porter.]

matter of substance, which the party demurring specifies ; and no objection can be taken or allowed which is not distinctly stated in the demurrer."—Code of 1886, § 2690. A demurrer in the form and language of the demurrers of the defendants to the plaintiff's replication to the plea, has been uniformly construed as the mere general demurrer known to the common law, which cannot be entertained.—3 Brick. Dig. '705, §§ 570–79, and other authorities cited on brief of counsel. Issue was taken on the replication, and the matter of it was supported by the undisputed evidence.   In this state of case, without regard to the sufficiency or materiality of the replication, it was the duty of the court to instruct the jury according to the evidence, for verdicts must be responsive to the issues formed.   As the court has repeatedly said, parties in suits at law may form their own issues, and if the evidence supports the party holding the affirmative of an issue, however immaterial it would have been if there had been proper pleading and proper issues, the instruction to the jury must conform to the issues.   The charge requested was a mere repetition of the facts stated in the pleas, which were confessed and avoided by the replication, and was properly refused.

The judgment must be affirmed.