# Murphy *v.* St. Louis Coffin Co.

*Assumpsit.*

(Decided March 2, 1907. 43 So. Rep. 212.)

1. *Courts; Proccedure in Particular Courts; Bill of Exceptions; Extension of Time for Signing.*—Construing together sections 1, 5 and 15, of the Act establishing the city court of Anniston (Acts 1896-7, p. 324) it is held that the trial court may, within thirty days after the trial, extend the time for signing the bill of exceptions for such a period as in its discretion it sees fit,

although such extension extends into another term. The authority to grant or to agree to such extension of time is not limited to one extension, and where the court granted an extension within the time, and subsequent extensions were agreed on by counsel, each within the time of the last extension, a bill of exceptions signed within the time limited was signed in time.

2. *Evidence; Documentary Evidence; Verified Account; Admissibility.*—The acount consisted of seven separate sheets of paper, not fastened through, but held together merely by the pressure of the wire device slipped over the top, and on the last sheet which was the affidavit verifying the same. Held, that the several separate sheets constituted one account and was duly verified and admissible as such.

3. *Pleading; Reception of Additional Pleas; Discretion of Court.*— After defendant has pleaded and the time for pleading as prescribed by the court rules is passed, it is within the discretion of the trial court to permit or refuse to permit additional pleas to be filed pending the progress of the trial.

4. *Principal and Agent; Authority as to Third Person; Evidence.*— It was permissible to show, as affording an inference that the salesman had authority to make the transaction on which the receipt was based, that defendant had paid certain money to the salesman for which the salesman stated that he had given a receipt on defendant's general account, where it was shown that said salesman was in plaintiff's employ, had sold most of the goods shown in the account sued on and that during the running of that account defendant had frequently paid the salesman money thereon for which plaintiff had allowed defendant credit on the account.

APPEAL from Anniston City Court.

Heard before Hon. T. W. COLEMAN, JR.

Action by the St. Louis Coffin Company against J. L. Murphy. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Suit on the common counts by appellee against appellant. The suit was commenced and summons served on July 27, 1905. On August 15, 1905, the defendant filed two pleas of the general issue. On December 8th defendant was permitted to file plea of payment. The judgment entry recites that the defendant was given leave to file a plea of tender, but the plea is not set out in the record.

This was an action on a verified account, and plaintiff offered in evidence the account, which was stated on seven separate sheets of paper, on the last of which was the affidavit verifying the foregoing account. These papers were held together merely by means of pressure of a wire device, which clipped over the top of, but did not pass through, the papers. Objection was interposed to their admission in evidence, because the papers were not sufficiently attached or annexed to the certificate of the notary public to be identified as the account stated therein to be thereto annexed, and because said papers were not sufficiently attached or annexed to constitute or show an account verified by affidavit. These objections were overruled, and the papers admitted as evidence.

During the progress of the trial, the defendant asked leave of the court to file an amendment to his pleadings as follows: "Defendant, for the further answer to plaintiff's complaint, says that he is indebted to the plaintiff in the sum of $123 on account, and that plaintiff was before the commencement of this suit indebted to him by account in the sum of $84.74, which he prays may be deducted from plaintiff's demand." On objection of plaintiff's counsel, the court declined to allow this plea filed, and defendant excepted.

When testifying in his own behalf, the defendant stated that Gorman was a traveling salesman of plaintiff, and sold defendant most of the goods sold in the account sued on, and he had frequently, during the time this account was running, paid said Gorman money on his account, and plaintiff had always allowed him credit therefor. The defendant's counsel then asked the witness to state whether or not he had, during the time the account had been running, paid out any money for the plaintiff at the instance and request of Gorman as the agent of same, and for which said Gorman had given him a receipt on his general account with plaintiff, and, if so, to state what amount, and when, and for what, and the circumstances under which the same was paid. Objection was sustained to this question. The defendant then offered to show by the witness that dur-

10 R

[Murphy v. St. Louis Coffin Co.]

ing the time the general account in evidence had been running he had purchased from plaintiff, through said Gorman, as its agent, a hearse, and that by the contract of purchase Gorman had guaranteed that the freight on the hearse from St. Louis to Anniston would not exceed $50; that said Gorman was in Anniston on the day the hearse arrived, and the freight on the same was $79.38, and witness refused to pay the same; that thereupon said Gorman, proposing to act as agent of the plaintiff, agreed that, if the defendant would pay the freight bill, he (Gorman), would give defendant a receipt for $29.38 on his general account with plaintiff; that thereupon defendant paid the freight, and Gorman gave him a receipt for $29.38 on his general account with plaintiff. The court refused to allow defendant to make this proof. It was admitted that the account sued on did not include the items for the hearse, but that notes had been given for the purchase price of the hearse.

The opinion states fully the motion to strike the bill of exceptions and the reasons therefor assigned. There was judgment for the plaintiff, and the defendant appeals.

T. C. SENSABAUGH, for appellant.—Counsel discusses assignments of error but cites no authority.

BLACKWELL & AGEE, for appellee.—On motion to strike bill of exceptions counsel cites Acts 1896-7, p. 332; Secs. 616, et seq., Code 1896, rule 30, Practice in Circuit and Inferior courts; *Cooley v. U. S. S. & L. Asso.*, 132 Ala. 590; *Bir Ry. & E. Co. v. James*, 138 Ala. 595; *Adams v The State*, 40 South. 85. On the merits. It is within the discretion of the court to allow or not additional pleas after the trial has been entered into and after time for pleading has passed.—*Steele v. Tutwiler*, 57 Ala. 113.

An authority to sell does not carry with it authority to make a guaranty.—*Herring v Skaggs*, 62 Ala. 180; *Troy Gro. Co. v. Potter,*, 139 Ala. 359.

An authority to collect money for goods sold dos not carry with it authority to receive in payment anything but money on the account for which same is given.

And such authority to collect does not carry with it authority to allow a credit for freight paid on a hearse in a different transaction.—*Simon v. Johnson,* 105 Ala. 344; *Idem,* 101 Ala. 370; *Powell v. Henry,* 27 Ala.612; *Ferguson v. Morris,* 67 Ala. 389; 1st Am. & Eng.. Encyc. of Law, Sec. Ed. pages 1014 and 1027.

HARALSON, J.—This case was tried, and final judgment rendered on the 8th day of December, 1905. On the 15th day of December, 1905, the court made an order allowing appellant 60 days from that date in which to prepare and have signed a bill of exceptions. On the 5th day of February, 1906, an agreement in writing was signed by the attorneys for both parties, and filed, extending the time within which to prepare and have signed the bill of exceptions, until and including the 5th day of March, 1906. On the 5th day of March, 1906, another agreement in writing between the parties was filed, further extending the time until and including the 1st day of April, 1906. On the 31st day of March, 1906, still another agreement in writing between the parties was filed, further extending the time up to and including the 6th day of April, 1906. The bill of exceptions was signed on the 2d day of April, 1906.

Motion is now made to strike the bill of exceptions on the following grounds: First, because the bill was not signed within the time prescribed by law. Second, because the bill of exceptions was signed at a subsequent term of the court. Third, because there was no order of the court extending the time for signing the bill.

Under section 1 of "An act to declare the power and jurisdiction of the city court of Anniston" (Acts 1896-97, p. 324), it is provided in respect to the city court of Anniston that "when exercising the jurisdiction and powers of courts of law, said court shall conform to the rules of procedure and practice in the circuit courts of the state, and when exercising powers and jurisdiction of courts of equity, it shall conform to the rules of procedure and practice in the chancery courts of the state, except when the rules of practice and procedure are changed by this act." The latter part of section 15 (page 331) of the act, reads as follows: "All

bills of exceptions shall be presented to and signed by the judge of said city court, within thirty days after the trial of a cause, unless such time be extended by order of court entered in the cause, or by agreement of counsel in writing filed in the case, and motions for new trials shall be made within thirty days after the trial of the cause."

The act also provides in section 5 (page 326), that there shall be two regular terms of the court; one beginning on the third Monday in January, in each year, and continuing until the last Saturday in June; and the other beginning on the third Monday in September, in each year, and continuing until the third Saturday in December. The purpose to be accomplished by provision for signing of bills of exceptions in section 15, was to provide that the preparation and signing of the bills in causes tried in the first part of the term should not be unduly delayed until the adjournment of the court, and that parties trying causes, at the last of the term should not be embarrassed by the early adjournment of the court. The provision is, therefore, that the bills of exceptions must be presented and signed within 30 days after the trial of the causes, regardless of whether the court is in session or not, or whether a new term has begun, unless such time be extended by order of the court entered in the cause, or by agreement of counsel in writing filed in the cause. Within 30 days after the trial of the cause, it was perfectly competent for the court to extend the time for such a period, as it, in its discretion might see fit, and within 30 days after the trial, the parties by an agreement, in writing, filed in the cause could have extended the time to any period they might agree upon.

The only question of difficulty is, whether or not the time having been extended once, can be within that time further extended, the act on this subject being silent. If we should hold that under the provisions of section 1 of the act, section 619 of the Code of 1896 applies to the city court of Anniston, we should also be compelled to hold that the thirtieth rule of practice also applies. It seems it was the intention of the Legislature that neither should apply to the city court of Anniston. The pur-

pose evidently was, that causes tried in said court should remain in fieri as to signing bills of exceptions for 30 days after a final judgment; and if an order of extension by the court, or an agreement of extension between the parties was made or filed "in the cause," within that time, the cause, so far as the signing of bills of exceptions is concerned, was still under the control of the court. It would be a narrow construction of the statute to hold that authority to grant or agree on an extension only applied to one extension.—*Ladd v. State,* 92 Ala. 58, 9 South. 401; *Ala. Min. R. R. v. Marcus,* 128 Ala. 355, 30 South. 679; *Rosson v. State,* 92 Ala. 76, 9 South. 357. The motion to strike the bill of exceptions must, therefore, be overruled.

There is nothing in the law requiring that documents sworn to should be on one piece of paper, or that the different sheets of paper constituting a document should be permanently attached together.—*Barnewell v. Murrell,* 108 Ala. 366, 18 South. 831.

It was discretionary with the court to allow or reject additional pleas proposed to be filed during the progress of the trial.—*Steele v. Tutwiler,* 57 Ala. 133.

There was error in the refusal to admit the evidence proposed to be introduced by the defendant, of the receipt given him by plaintiff's traveling salesman, Gorman. The evidence afforded an inference for the jury to find that Gorman had authority to make the transaction on which the receipt was based.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.