# Bixby-Theisen Co. *v.* Evans.

## *Assumpsit.*

(Decided April 16, 1914. 65 South. 81.)

1. *Contract; Loan of Money; Breach; Damage.*—Where defendant agreed to lend plaintiff a sum not to exceed $2,000 to reconstruct a sawmill and dam with the provision that plaintiff was to complete the improvement out of his own fund if the sum furnished was not sufficient, defendant having breached the contract, could not defeat recovery thereon because of plaintiff's admitted inability to secure elsewhere funds necessary to complete the improvements should they be required; the obligations of the parties were not concurrent, and defendant cannot set up a speculative condition which might not

have prevailed if the sum agreed to be furnished by it had been seasonably furnished.

2. *Same.*—Where, after the dam had been torn down, in pursuance of the contract, defendant breached his contract to advance money thereon, plaintiff was entitled to recover for the loss of the use of his mill, resulting from the tearing down of the dam, and for that purpose may show the reasonable monthly rental value of the mill when the dismantling began.

3. *Pleading; Set-Off; Necessity of Pleading.*—A defendant in an action for damages for breach of an agreemnt to lend money cannot set off the sum actually furnished, in mitigation of damages, under the plea of the general issue. (Section 5865, Code 1907.)

4. *Appeal and Error; Review; Discretion.*—The refusal to allow special pleas to be filed after the conclusion of the evidence is within the discretion of the trial court and not reviewable except for abuse.

5. *Same; Law of Case.*—It is proper for a trial court to refuse instructions not in accord with rulings in the same case on a previous appeal.

6. *Charge of Court; Covered by Those Given.*—A charge is properly refused where the substance of said charge is covered by charges already given.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by M. H. Evans against the Bixby-Theisen Company for damages for breach of contract. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint on which the case was tried will be found set out in a former report in 174 Ala. 571, 57 South. 39. The following are the pleas: (3) "Plaintiff first breached or violated the contract sued on in that he did not, as stipulated in said contract, furnish all the labor and material to construct and put .in complete a stone and concrete dam across Town creek." (4) "Plaintiff first breached the violated contract sued on in that he did not purchase and install complete a turbine wheel and band sawmill as stipulated in said contract." (5) "Plaintiff first breached or violated the contract sued on in that he did not, as stipulated in said contract, complete the improvements specified in said contract." (7) "Plaintiff himself first breached or violated the contract

sued on in that, notwithstanding the fact that defendant did furnish or expend under the direction of the plaintiff a large sum of money, to-wit, $1,500, in the purchase of a sawmill as required to be erected by plaintiff on the premises and in the manner specified in the contract, yet plaintiff did not erect the stone and concrete dam across Town creek as in said contract provided, but failed and refused to do so."

The following charges were refused to defendant: (4) "The court charges the jury that if the plaintiff was unable to furnish the money, over and above the $2,000, which was contracted to be furnished by defendant, if it is reasonably shown that it would take more than the $2,000 to make the improvements on the premises, defendant had the right to suspend the advancement of money under the contract until he showed he was able to carry out his part of the contract." (3) General charge for defendant. (1) "The court charges the jury that plaintiff cannot recover as damages for any money advanced by defendant and expended on the work provided for by the contract." (5) "The court charges the jury that, if Evans is entitled to recover in this case, he can only recover the following: (1) Cost of partly tearing down old dam; (2) cost of restoring old dam to its former condition, after breach of contract; (3) rental value from the breach of the contract to restoration of dam and mill; (4) value of labor, tools, and material." (6) "The court charges the jury that, if plaintiff is entitled to recover, he can only recover the money he expended in partly tearing out the old dam; the cost to him of placing the dam in the condition in which it was before the contract was breached; the rental value of the mill from the time the contract was breached until it was restored to its former condition; the value of labor or money expended for labor, the loss and value to

him of tools and material to the time the contract was breached, together with interest on such sum, less the amount advanced by defendant, under the contract with interest." (7) "The court charges the jury that plaintiff cannot recover for any money expended on the work mentioned in the complaint and contract, which was furnished by defendant." (8) "The court charges the jury that plaintiff cannot recover for anything in this case, except: (1) For the cost of tearing out the dam, if any part was taken out; and (2) the water house; and (3) the rent of the mill while idle; and (4) what it cost to put the dam and mill back in practically the condition it was in before the work was entered upon—from this should be deducted all money and property advanced by defendant to plaintiff." (9) Substantially the same as 8. (13) "The court charges the jury that, under the evidence in this case, the jury will not be authorized to include, in any finding against defendant, any money furnished by defendant, and expended by plaintiff on the work contemplated by the parties." (A) "The court charges the jury that plaintiff cannot recover from defendant amounts advanced by defendant to the plaintiff under the contract." The court gave the charge and said: "He is not entitled to recover that money as an element of damage, but is entitled to recover for value of the work and materials furnished."

JOHN A. LUSK & SON, for appellant. Counsel discuss the assignment of errors and in support thereof cite *Bixby v. Evans,* 167 Ala. 461; s. c. 57 South. 41.

STREET & ISBELL, for appellee. This case should be affirmed on the authority of previous appeals, which will be found cited in brief for appellant.

McCLELLAN, J.—This is the third appeal in this litigation.—167 Ala. 431, 52 South. 843; 174 Ala. 571, 57 South. 39.

All of the assignments except those numbered 2, 3, 11, and 12 and those numbered 16 to 22, inclusive, are affirmatively abandoned in the brief for appellant.

According to the former decisions, there was no error in sustaining demurrers to pleas 3, 4, 5, and 7.

There is no merit in the contention, sought to be given effect in (refused) charge 4, that defendant was discharged from obligation to furnish the sum not exceeding $2,000, stipulated in the contract, for that plaintiff has admitted by pleading and evidence his inability to elsewhere secure the funds necessary to complete the improvement if such additional capital was found to be required to complete the improvement. That instruction would have effected to exonerate the defendant from the obligation, of the contract, to furnish the maximum of the amount stipulated upon a speculative condition that might not have prevailed if the sum agreed to be furnished by the defendant had been seasonably furnished by him to the plaintiff. The effect of the charge (4) would have been to render the defendant's loan assured by the contract, and the secondary, dependent, subsequent, in order, agreement of the plaintiff to complete the improvement out of his own resources if the sum defendant was to furnish did not suffice to complete the improvement, concurrent obligations. Such has not been regarded, and it is not now regarded as the legal effect or operation of the contract in this respect.

Charges 3 and 4 were well refused. It is probable the refusal of charge 4 could be justified on other additional grounds.

Plaintiff was permitted, over defendant's objections, to show the reasonable monthly rental value of the mill

when its dismantling was begun preparatory to making the improvement contemplated by the contract in suit. Appellant asserts that this was error, under the authority of a former ruling in this case.—174 Ala. 575, 57 South. 39. The expression of opinion in the pertinent case, cited by appellant's counsel, does not so conclude. The plaintiff, if shown to be entitled to recover, was due to be made whole for the loss of use of the mill resulting from the tearing away of the dam. Very naturally this loss of use would have commenced when the tearing away was begun. There was no error in overruling the objection.

The defendant contended below that the money advanced by defendant should serve to toll, at least pro tanto, the amount of plaintiff's damages. This matter of recoupment was properly the subject of appropriate pleading, to the end that definite issue might be thereupon made and certain adjudication had. It could not be introduced under the general issue.—Code 1907, § 5865; *C.-P. Cement Co. v. Ala. Construction Co.,* 162 Ala. 380, 385, 50 South. 332; *Lawton v. Ricketts,* 104 Ala. 430, 16 South. 59.

There is no insistence in brief upon the assignments of error based upon the refusal of the court to allow special pleas to be filed after the evidence was concluded. At any rate, this court does not, under the circumstances shown by the bill, appear to have abused its discretion in so declining to allow the special pleas to be filed.—*Cahaba Co. v. Pratt,* 146 Ala. 245, 40 South. 943; *Murphy v. St. Louis Co.,* 150 Ala. 143, 43 South. 212.

Special charges 5, 6, 7, 8, 9, and 13, touching the measure or elements of damages recoverable, are not in complete accord with former rulings, in this case, on the subject of the measure or elements of the damages recoverable. There was no error in their refusal. The want

[Rarden Mercantile Co. v. Hart.]

of proper pleading, as indicated before, brought fault into charges 1, 7, 8, 9, and 13. Special charge A, with the correct explanation the court gave to the jury in connection with it, served all the purposes of refused charge 1.

No error being shown, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.