### SCHARNAGEL et al. v. FURST et al.
### (8 Div. 854.)

(Supreme Court of Alabama. March 24, 1927.)

1. Guaranty ⊂⟩85(1)—Complaint, in action on guaranty, showing performance of contract and default in payment of accounts, held not demurrable.

Complaint, in action of written contract of guaranty, showing principal contract of guaranty with performance of principal contract and default in payment of accounts by principal contractor and guarantors, held not subject to demurrer.

2. Guaranty ⊂⟩85(1)—Items of account need not be set out in action on contract of guaranty.

It is not necessary, in action on written contract of guaranty, to set out items of account, since defaulted obligation of principal was non-payment of balance due on account.

3. Sunday ⊂⟩11—Contract of guaranty, not becoming effective until acceptance and approval, is not invalid because deposited in mail on Sunday.

Where contract of guaranty did not by its terms become effective until acceptance and approval at home office, the fact that it was deposited in the mail on Sunday for transmission to home office did not make it invalid as a Sunday contract.

4. Guaranty ⊂⟩86—Pleas, in action on guaranty covering goods sold in interstate commerce, alleging sale of beverages in violation of state laws, held insufficient.

In action on written contract of guaranty covering account for goods sold in interstate commerce, pleas alleging that certain goods were intoxicating bitters or beverages, and sold in violation of state laws, held insufficient.

5. Appeal and error ⊂⟩1040(7)—Elimination of pleas presenting defense, amply covered by other pleas, held not prejudicial.

Elimination of some of pleas on demurrer held not prejudicial, where such defense was amply presented by several other special pleas.

6. Guaranty ⊂⟩5—Anything rendering obligation void against principal is available to guarantors.

Anything that renders obligation absolutely void and unenforceable against principal is available to guarantors also, in avoidance of their liability on guaranty, even though principal is not made party defendant, and has not asserted invalidity of obligation.

7. Guaranty ⊂⟩78(1)—Guarantors could not defeat liability by showing failure of consideration or breach of implied warranty, based on unfitness of goods sold principal.

Guarantors cannot defeat their liability as such by showing either failure of consideration or breach of implied warranty, based on alleged unfitness of goods sold, for purposes for which they were intended.

8. Sales ⊂⟩49—Sale of some items in violation of law does not render void obligation to pay for other items of account not so affected.

That sales in interstate commerce of some of items of account were in violation of federal statutes, so that promise to pay therefor was void, did not render void promise and obligation to pay for other items of account not so affected, provided consideration was separate and distinct from consideration for illegal items.

9. Contracts ⊂⟩137(1)—Whole undertaking under indivisible promise based on items, one or more of which are illegal, is void.

Where an entire and indivisible promise is based on items, one or more of which are illegal, whether by statute or common law, the whole undertaking is void.

10. Guaranty ⊂⟩86—Plea in action on guaranty that part of goods were sold illegally held insufficient in not specifying items nor prices. (U. S. Comp. St. § 8724).

In action on contract of guaranty covering goods sold principal contractor in interstate commerce, plea alleging that part of goods were misbranded, in violation of U. S. Comp. St. § 8724, held insufficient as defense in not specifying items nor prices charged therefor, so as to furnish basis for calculation and deduction.

11. Pleading ⊂⟩205(2)—Assigned ground of demurrer that plea was no defense held but general demurrer, and not available for impeachment.

In action on contract of guaranty, ground of demurrer to guarantors' plea, alleging part of goods were sold in violation of law, that plea was no answer to complaint constituted but a general demurrer, and was not available for impeachment of plea, however defective it might be.

---

**12. Guaranty ☞25(2)—Defendants, in action on guaranty, might question principal relative to plaintiffs' letter about extract alleged to be sold for alcoholic beverage.**

Where chief issue of fact presented in action on guaranty was whether sale of certain extracts to principal contractor was for use as alcholic beverages, it was competent for defendants to question principal contractor relative to letter by plaintiffs prior to sale of such extract, stating that it was a good beverage, and made a fine drink.

**13. Guaranty ☞25(2)—Guarantors, alleging, in action on guaranty, that part of goods were sold for alcoholic beverages, might show that labels stated alcohol percentage.**

Where defendants in action on guaranty alleged that part of goods were sold for alcoholic beverages in violation of law, it was competent for them to show that labels on bottles of extract contained statement that contents were 85 per cent. alcohol.

**14. Guaranty ☞16(2)—It is immaterial that nothing of value moved to guarantors personally as consideration for executing contract.**

It is wholly immaterial that nothing of value moved to guarantors personally as consideration for guaranteeing payment of the account of another, since extension of credit to him as recited in contract was legal and sufficient consideration.

**15. Evidence ☞471(34)—Offer of guarantors, in action on guaranty to testify they owed nothing, held properly rejected as being merely conclusion.**

Offer of defendants, in action on contract of guaranty, to testify that they owed plaintiffs nothing, *held* properly rejected under evidence as being merely a conclusion.

Appeal from Circuit Court, Franklin County; Chas. P. Almon, Judge.

Action by Frank E. Furst and another, doing business as Furst & Thomas, against W. C. Scharnagel and others. From a judgment for plaintiffs, defendants appeal. Transferred from Court of Appeals under Code, 1923, § 7326. Reversed and remanded.

This is an action on a written contract of guaranty by which the defendants guaranteed the payment by one W. A. Nix of his accounts for goods sold to him by the plaintiffs, the consideration for defendants' undertaking being, as recited, $1, and the extension of the said credits to Nix. An exact copy of this sales contract and the guaranty attached thereto is set out in full in the reports of the cases of Furst & Thomas v. Shows et al. (Ala. Sup.) 110 So. 299;[1] and Furst & Thomas v. Sandlin et al., 208 Ala. 490, 94 So. 740.

Demurrer to the complaint being overruled, defendants filed a plea of the general issue, and special pleas numbered 3 to 15, inclusive, and A, B, and C. Demurrers were sustained to pleas 5, 7, 8, 9, 10, 11, 15, and B, and were overruled as to all others.

The evidence showed without dispute that defendants signed the guaranty contract after Nix had signed the sales contract, and that Nix then mailed the document to plaintiffs, who received it at Freeport, Ill., on July 13, 1922, and indorsed upon it their approval and acceptance of it on that date; that numerous sales and shipments of goods were made thereunder to Nix; and that, when the contract was terminated by agreement on January 12, 1924, the balance of account then due from Nix to the plaintiffs was $718.35.

The trial judge gave the general affirmative charge for plaintiffs, and the verdict and judgment were for plaintiffs for $756.65.

Defendants appeal, and assign numerous rulings for error, which are sufficiently shown by the opinion.

Stell & Quillin, of Russellville, for appellants.

Contracts made on Sunday are void. Code 1923, § 6821; J. R. Watkins Co. v. Pace, 212 Ala. 63, 101 So. 758. Deposit of the contract in the mail was a delivery to plaintiffs. Hatchett v. Molton, 76' Ala. 410; Garrett v. Trabue, 82 Ala. 232, 3 So. 149. When the contract was signed at the request of plaintiffs, no further acceptance was necessary Aluminum Utensil Co. v. Kent, 20 Ala. App. 579, 104 So. 286; Phillips-Boyd Co. v. McKinnon, 197 Ala. 443, 73 So. 43; Saint v. Wheeler & Wilson, 95 Ala. 362, 10 So. 539, 36 Am. St. Rep. 210. If any part of the consideration for the contract is illegal, the entire contract is void. Orman v. Scharnagel, 210 Ala. 381, 98 So. 123. A contract made for the purpose of violating the prohibition law is void. Terre Haute Brewg. Co. v. McGeever, 198 Ala. 474, 73 So. 889; Jas. Everard's Breweries v. Day, 265 U. S. 545, 44 S. Ct. 628, 68 L. Ed. 1174; Selzman v. U. S., 268 U. S. 466, 45 S. Ct. Rep. 574, 69 L. Ed. 1054; Marks v. State, 159 Ala. 71, 48 So. 864, 133 Am. St. Rep. 20. The complaint on a guaranty should particularize how the guaranty became absolute and the breach thereof. 28 C. J. 1019. Where a letter is shown to have been lost or destroyed, secondary evidence thereof is admissible. Schieffelin v. Schieffelin, 127 Ala. 14, 28 So. 687. The contents of the bottles or labels are admissible to show intoxicating quality thereof. Woodward v. State, 5 Ala. App. 202, 59 So. 688; Comm. v. Cronan, 220 Mass. 467, 107 N. E. 987; Claunch v. State, 83 Tex. Cr. R. 378, 204 S. W. 436.

Williams & Chenault, of Russellville, for appellees.

The contract is an Illinois contract, and was not binding until received and accepted by plaintiffs. Furst & Thomas v. Sandlin, 208 Ala. 490, 94 So. 740; J. R. Watkins Co. v. Hill, 214 Ala. 507, 108 So. 244. It was ef-

---

fective on the day of its acceptance. Wheeler v. Krohn, Fechheimer & Co., 9 Ala. App. 409, 64 So. 179. The Pure Food Act was complied with in compounding the preparations sold, and hence they were legally sold. Humphrey v. State, 16 Ala. App. 244, 77 So. 82; Honaker v. State, 166 Ark. 97, 265 S. W. 353; McConnon Co. v. Meadows, 138 Miss. 342, 103 So. 7; Redden v. State (Okl. Cr. App.) 210 P. 559; W. T. Rawleigh v. Rutkowski (Minn.) 209 N. W. 625.

SOMERVILLE, J. [1, 2] The complaint in this case exhibits the principal contract and the guaranty, and shows performance of the principal contract by the plaintiff, default in the payment of his accounts by the principal contractor, and default by the guarantors in the payment of their principal's debt according to the terms of their guaranty. These three essentials are all that needed to be shown, and the complaint was not subject to the objections urged by the demurrer. Nesbit v. Bradford, 6 Ala. 746, 750; Leftkovitz v. Bank, 152 Ala. 521, 44 So. 617; 28 Corp. Jur. 1019, § 186. By the terms of the contract, notice of the default was waived, and the guaranty became absolute three months after the termination of the principal contract, and the guarantors were bound by their principal's written acknowledgment of his account—all of which is shown by the amended complaint. The defaulted obligation of the principal was nonpayment of the balance due on his account, and it would not be necessary to set out the items of the account even in a suit against the principal.

[3] This contract, by its terms, did not become effective until its acceptance and approval by plaintiffs at their office in Freeport, Ill. The fact that it was deposited in the mail at Spruce Pine, Ala., on Sunday, for transmission to plaintiffs at Freeport, did not make it a Sunday contract, and the pleas of invalidity, based on that allegation were properly held bad on demurrer. The identical question, in relation to a contract like this, was decided in J. R. Watkins Co. v. Hill et al., 214 Ala. 507, 108 So. 244. Demurrers were properly sustained to pleas 8 and 9, but not to plea 7, averring merely that the contract was void because made on Sunday. However, of plea 7 defendants had the benefit under the plea of the general issue.

Some of the more important questions here presented were decided by this court in the very recent case of Furst & Thomas v. Shows et al., 110 So. 299,[1] which was an action on a principal and guaranty contract identical with the one here shown, wherein, as here, it was urged in defense that some of the items sold to the principal were bottles of lemon and orange extract containing 85 per cent. of alcohol, and intended, within

the knowledge of the plaintiffs, to be sold and used as a beverage.

It was there held that the sale of goods to the principal was interstate commerce; that lemon and orange extracts containing 85 per cent. of alcohol are legitimate articles of merchandise under federal laws; (but) that their local sale for beverage purposes would violate both state and federal laws; that the validity of the principal and guaranty contract was not affected by the illegality of the sales of those two items; and that, though their principal illegally sold these extracts as alcoholic beverages, this was no defense for the guarantors, unless the plaintiff knew or had notice that they were to be resold for that purpose at the time they made the original sale—as to which knowledge or notice of proof was on the defendants.

[4, 5] Being articles of interstate commerce, those pleas were insufficient which alleged that the extracts were intoxicating bitters or beverages, and were sold in violation merely of state laws. They were defective also in not alleging that plaintiffs sold them as beverages, or with knowledge that they were to be so used. However, that defense was amply presented by several special pleas upon which the case was submitted, and the elimination of some of them on demurrer was not prejudicial, even if erroneous.

[6, 7] The rule undoubtedly is that anything that renders the obligation absolutely void and unenforceable against the principal is available to the guarantors also, in avoidance of their liability on the guaranty, even though their principal is not made a party defendant, and has not asserted the invalidity of his obligation. On the other hand, where the matter of defense shows that the contract is voidable only at the election of the principal, it is not available to his guarantors or sureties, unless it has been asserted by the principal himself. Evans v. Keeland, 9 Ala. 42, 46, 47; Ettlinger v. National Surety Co., 221 N. Y. 467, 117 N. E. 945, 3 A. L. R. 865, and note. On this principle, defendants could not defeat their liability as guarantors by showing either a failure of consideration or the breach of an implied warranty, based on the alleged unfitness of the goods sold for the purposes they were intended for.

[8] Conceding, then, that plaintiff's sales of some of the items of the account charged against the principal were in violation of federal statutes, so that his promises to pay for them were absolutely void, this did not render void his promise and obligation to pay for other items of the account not so affected; provided, the consideration therefor was separate and distinct from the consideration for the illegal items; and provided, of course, that the original credit con-

---

[1] Ante, p. 133.

tract did not contemplate such sales in violation of law. This was, in effect, the holding in Furst & Thomas v. Shows, ante, p. 133, 110 So. 299, supra, 23 R. C. L. 1341.

[9] It is to be conceded, of course, that, where an entire and indivisible promise is based upon items, one or more of which are illegal, whether by statute or common law, the whole undertaking is void. Wadsworth v. Dunnam, 117 Ala. 661, 23 So. 699, and cases cited. This principle seems to have been commonly applied to promissory notes, but on principle it would seem to be applicable also to stated accounts, which are based on the debtor's promise to pay the debt as a whole.

But the action here is not on a note, nor on a stated account, but on a guaranty by defendants that their principal, Nix, would pay for such goods as he bought from plaintiffs; and the mere fact that Nix's obligation to pay for some of the items sold to him was void because the sales were violative of federal laws would not render void his obligation to pay for other legitimate items of the account, unless the plea shows an indivisible promise to pay for all of the items, as a whole, for a single consideration.

[10, 11] Pleas 5 and B, to which demurrers were sustained, allege that a part of the goods, the price of which is included in the claim against Nix as the basis for this suit, were liquid medicines which were misbranded by false and fraudulent labels placed thereon by plaintiffs in violation of section 8724 of United States Compiled Statutes of 1918. These pleas, going to the entire account, are defective in their omission of the necessary showing above stated, nor would they be sufficient as a defense against liability limited to the obnoxious items, because they do not specify the items nor the prices charged therefor, and therefore furnish no basis for calculation and deduction. But no ground of the demurrer points out these defects, and the pleas are not obnoxious to any of the grounds of demurrer specifically assigned. The assigned ground that "the plea is no answer to the complaint" is but a general demurrer, and is not available for impeachment of the plea, however defective it may be. Browder v. Irby, 112 Ala. 379, 21 So. 351; Cowan v. Motley, 125 Ala. 369, 28 So. 70.

It appears to be very doubtful if defendants could have produced any evidence in support of these pleas, but that cannot be affirmed as a matter of law, and the error of their elimination on demurrer must work a reversal of the judgment.

As tried, the chief issue of fact presented was whether or not plaintiffs sold the lemon and orange extracts to Nix for use as alcoholic beverages, or had knowledge or notice that Nix intended to sell them as such beverages.

[12] On this issue it was competent for defendants to ask their witness Nix as to any letter written to him by plaintiffs, prior to their sale to him of some of the lemon extract, stating that the extract was a good beverage and made a fine drink. We need not now determine whether proper predicates were laid for such evidence by the identification of the alleged letter as one written by plaintiffs, and by proof of the innocent loss or destruction of the letter, and plaintiffs' resulting inability to produce it. With such predicates, secondary evidence of such a letter would be admissible for the purpose of showing that the sales of the extract were for an illegal purpose, and, to the extent of the price charged for it, to reduce defendants' liability.

[13] Under the issues presented by some of the pleas, it was competent for defendants to show that the labels on the bottles of extract sold to him by plaintiffs contained a statement that the contents were 85 per cent. alcohol, and the exclusion of questions to Nix, designed to prove that fact, was erroneous.

[14, 15] It was wholly immaterial that nothing of value moved to the guarantors personally as a consideration for their execution of the guaranty contract. Plaintiffs' extension of credit to Nix, as recited in the contract, was a perfectly legal and sufficient consideration, and testimony that defendants received no personal benefit was properly excluded. Obviously, also, defendants' offer to testify that they owed plaintiffs nothing was properly rejected, because it was, under the evidence before the court, a legal conclusion merely.

For the errors noted, the judgment will be reversed and the cause remanded for another trial in accordance with the principles above declared.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.