(116 So. 137)

## McCULLAR v. WILLIAMS.    (6 Div. 98.)

Supreme Court of Alabama.    March 22, 1928.

**1. Animals ⚶66½—Ownership of vicious animals is not one of natural inherent rights of property.**

It is well-recognized rule that ownership of vicious animals is not one of the natural inherent rights of property.

**2. Animals ⚶74(2)—Counts in action for being bitten by dog, alleging that dog was dangerous and vicious, which fact was known to defendant, who failed to securely keep him, held sufficient (Code 1923, § 5678).**

In action for injuries from being bitten by dog, counts alleging that plaintiff, while walking along public highway, was attacked and bitten by a vicious and mischievous dog belonging to defendant, who knew of its dangerous and vicious character, but failed to securely and safely keep such dog, *held* sufficient, under Code 1923, § 5678, as against demurrers on ground that allegation that dog was vicious and mischievous was not equivalent to allegation that it was a biting dog, that it was not alleged that dog had ever before bitten any one, or that defendant had knowledge thereof.

**3. Appeal and error ⚶1040(7)—Sustaining demurrer to pleas fully covered under plea of general issue was not reversible error.**

Where, under plea of general issue, defendant received full benefit of its rejected pleas, the averments of which were provable thereunder, it was not reversible error to sustain demurrer to such pleas.

**4. Animals ⚶70—Defendant, whose uninclosed premises adjoined highway, need not have knowledge of vicious character of dog in attacking people on highway as distinguished from premises.**

Where house of defendant, whose dog bit plaintiff, was a few feet from public highway, and there was no fence or other inclosure, it was not necessary that defendant had knowledge of vicious character of dog in attacking some one on public highway as distinguished from his premises.

**5. Evidence ⚶471(2)—Permitting question whether road was public road that people traveled all the time was not error as calling for conclusion.**

In action for being bitten on public highway by dog, permitting question as to whether or not road in question was a public road that people traveled all the time was not error as permitting witness to state conclusion; it being merely incidental to issue involved, and more or less of descriptive character.

**6. Witnesses ⚶268(2)—Cross-examining defendant's witnesses as to having heard of dog attacking different persons held proper, where vicious or dangerous character of dog was denied.**

In action for injuries from being bitten by dog, wherein defendant's witnesses stated that dog was not vicious or dangerous, and had no such reputation, it was proper, in order to show defendant's knowledge or notice thereof, to permit plaintiff, on cross-examination, to ask such witnesses if they had not heard of dog attacking different persons.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Action for damages by Sarah Williams against Cleve McCullar. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Count 2 alleges that plaintiff was, June 5, 1926, "while walking along the public highway of Winston county, attacked by a dangerous and vicious dog, the said dog belonging to the defendant, the said defendant knowing at the time that the said dog was dangerous and vicious, but he allowed the same to run at large, and to be on the highway of the said county; that she was bitten by said dog," etc., suffering the injuries and damages catalogued, "all the proximate result of defendant allowing said dangerous dog to negligently run at large, the said defendant knowing at the time that the said dog was dangerous and vicious."

Count 3 charges that on June 5, 1926, "the defendant was the owner and keeper of a dog which was vicious and mischievous and accustomed to do mischief, and said defendant, having knowledge of the vicious and mischievous disposition of said dog, did fail to securely and safely keep said dog, and that

─────────────
⚶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the said dog came out of the premises of said defendant into the public highway along which the plaintiff was going or traveling as she had a right to do, and said dog attacked and bit plaintiff," etc., and, as a proximate result of said attack by said dog, she was made sick, etc.

Count 4 alleges that on June 5, 1926, "defendant was the owner of a large, vicious, and mischievous dog, and that the defendant knew that he was vicious and mischievous, and the defendant knew that he would attack and bite persons. Plaintiff alleges that on said date she was traveling afoot along the public highway that went along near or by the premises of the defendant. And plaintiff avers that the defendant knew the vicious nature of said dog, and owed the duty to her and to the public to safely and securely keep said dog. The plaintiff avers that he breached said duty in this, that he did not securely or safely keep said dog, and, as the plaintiff passed along by his said premises or near the same, said dog came out from said premises where he was not securely or safely kept, and that he attacked the plaintiff, and bit her and tore her flesh," etc.; "that, as a proximate consequence of the said breach of said duty owing her as aforesaid, the said dog so attacked and bit her, and as a proximate result of said attack by said dog she was made sick and sore," etc.

The demurrers take the objections, among others, that the complaint states no cause of action; that the allegation that the dog was vicious and mischievous is not equivalent to an allegation that the dog was a biting dog, and this fact was known to defendant; that it is not alleged that the dog had ever bitten, or offered to bite, any one on the highway before the time the plaintiff claims to have been bitten; that it is not alleged that the defendant had any knowledge that the dog had ever bitten, or offered to bite, any one on the highway before the time plaintiff alleges she was bitten; that no facts are alleged which show any duty on the defendant to restrain or confine said dog.

Pleas 3 and 4 are as follows:

"(3) Before the time the plaintiff alleges she was injured, the defendant had no knowledge or notice that his dog was vicious or would bite persons off his premises.

"(4) The defendant had no knowledge or notice that the dog had ever bitten, or offered to bite, persons on the highway."

Assignments 6 and 7 predicate error upon the rendering of judgment for the plaintiff and against the defendant.

Charges refused to defendant and made the basis of assignments 10, 11, 12, and 13 are as follows:

"(1) Unless you are reasonably satisfied from the evidence that the defendant knew, or should have known, that the dog had bitten, or tried to bite, one or more persons on the public highway, you cannot find for the plaintiff, but must return a verdict for the defendant.

"(2) Unless you are reasonably satisfied from the evidence that the dog was dangerous to persons traveling the highway, you cannot find a verdict against the defendant.

"(3) If the defendant did not know the dog was vicious in trying to bite persons on the highway, then you cannot find for the plaintiff, but must return a verdict for the defendant.

"(4) The fact that the dog barked at people in traveling along the road, without more, does not display a vicious disposition, and this would not be notice to the defendant which would create any liability on the part of the defendant for keeping a vicious dog."

Williams & Chenault, of Russellville, for appellant.

Before plaintiff would be entitled to recover in this case, she would not only have to show that the dog was vicious, but also that plaintiff had knowledge of that viciousness. Charges 1, 2, 3, and 4 should have been given. Ala. Fuel & Iron Co. v. Bush, 204 Ala. 658, 86 So. 541. Counsel argue other questions, but without citing additional authorities.

Curtis, Pennington & Pou, of Jasper, and Roy Mayhall, of Haleyville, for appellee.

Counts 2, 3, and 4 were sufficient. Kitchens v. Elliott, 114 Ala. 290, 21 So. 965; Durden v. Barnett, 7 Ala. 169; Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122; Ala. F. & I. Co. v. Bush, 204 Ala. 661, 86 So. 541; Code 1923, § 5678. Defendant had the benefit of pleas 3 and 4 under the plea of the general issue. Quisenberry v. Grant, 20 Ala. App. 576, 104 So. 284. Illegal testimony may be rebutted by the same kind of testimony. Bank of Phœnix v. Taylor, 196 Ala. 665, 72 So. 264; Lockridge v. Brown, 184 Ala. 106, 63 So. 524; Havis v. Taylor, 13 Ala. 324; Ford v. State, 71 Ala. 385; Gordon v. State, 129 Ala. 113, 30 So. 30; Longmire v. State, 130 Ala. 66, 30 So. 413; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Ala. F. & I. Co. v. Bush, supra.

GARDNER, J. Appellant is the owner of a dog of considerable size that attacked appellee while she was walking along the public highway in front of the home of appellant, biting her, and causing her to fall and break her leg, and to recover damages suffered thereby this suit was instituted, resulting in a verdict and judgment in favor of appellee in the sum of $400.

Demurrer to count 1 was sustained, but overruled as to counts 2, 3, and 4.

[1] It is the well-recognized rule that ownership of vicious animals is not one of the natural, inherent rights of property. "It is a qualified, or restricted right. Qualified by

the condition that the animal can be and is safely confined and kept. * * * Previous knowledge of the animal's vicious habits must be alleged and proved; but positive proof is not always necessary. It may be inferred from circumstances. But the knowledge of the vicious habits of an animal need not refer to circumstances of exactly the same kind. All that the law requires to make the owner or keeper liable is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of." Strouse v. Leipf, 101 Ala. 433, 14 So. 667, 23 L. R. A. 622, 46 Am. St. Rep. 122.

[2] The demurrer to counts 2, 3, and 4 was properly overruled. Strouse v. Leipf, supra; Kitchens v. Elliott, 114 Ala. 290, 21 So. 965; section 5678, Code of 1923.

[3] Under the plea of the general issue, the defendant received the full benefit of pleas 3 and 4, the averments of which were provable thereunder. There was, therefore, no reversible error in sustaining the demurrer to these pleas.

The judgment of the court followed the verdict of the jury. The evidence was sufficient for submission to the jury both upon the question of the vicious and dangerous character of the dog, and knowledge thereof on the part of defendant, the owner, and, indeed, no question was presented in the court below testing the sufficiency in that respect. Assignments of error 6 and 7 are without merit.

[4] Assignments of error 10, 11, 12, and 13 rested upon the refusal of charges requested by defendant, and the argument of appellant in support thereof is to the effect that defendant must have had notice or knowledge of the danger of the dog as a vicious animal attacking some one in the public highway as distinguished from the premises of defendant. The house of defendant where the dog stayed was a few feet from the public highway, and there was no fence or other inclosure. As said by the court in Strouse v. Leipf, supra:

"Knowledge of the vicious habits of an animal need not refer to circumstances of exactly the same kind. All that the law requires to make the owner * * * liable, is knowledge of facts from which he can infer that the animal is likely to commit an act of the kind complained of."

This quotation should suffice as an answer to this argument, and as disclosing no reversible error in this respect.

[5] Assignments of error 14, 15, 30, and 41 are argued in bulk as presenting a single question as to permitting a witness to state a conclusion. The fourteenth assignment was a question to the witness as to whether or not the road in which plaintiff was walking at the time was a "public road that the people travel all the time." In this there was no error. This was a matter merely incidental to the issue involved, and more or less of a descriptive character.

[6] Numerous assignments of error relate to the ruling of the court in permitting plaintiff, on cross-examination of witnesses for defendant, to question the witnesses as to whether or not they had heard of the dog attacking different persons. Defendant had denied that the dog was of a vicious character and also, if so, that he had any notice thereof. Upon the question of such knowledge or notice, it was competent to show general notoriety in the community or as stated in some of the cases "common report" as to the vicious character of the dog, in order to impute a probable knowledge of such fact to defendant. McAleer v. People's Bank, 202 Ala. 256, 80 So. 94. The testimony of the witnesses for the defendant was in effect that the dog was not vicious or dangerous, and indirectly had no such general reputation in the community. Manifestly, therefore, there was no error in the court permitting plaintiff on cross-examination to ask these witnesses if they had not heard of the dog attacking these different persons mentioned in the questions. These various rulings present no reversible error.

We have carefully considered the assignments of error urged by counsel for appellant, and, finding no reversible error, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.