(135 So. 183)

## ACME MACHINE & WELDING CO. v. HOME INDUSTRY IRON WORKS.

### I Div. 614.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Denied June 18, 1931.

Jesse F. Hogan, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

THOMAS, J.

The suit was assumpsit for work, labor, and materials furnished per contract. The defense was the general issue and non est factum. The plea of misnomer was stricken, the complaint amended pursuant thereto, and pleas to amended complaint were "no assumpsit" and "material allegations * * * are untrue." The verdict was for the plaintiff. The order employed in the assignment of errors will be followed.

The secretary and treasurer of plaintiff corporation testified of the agreement for the work and material, that the writing or statement thereof was made by him from the original, and that it was true and correct; that he made the original entries for time, material, and labor; that the "original slips" thereof were lost or misplaced, and he was unable to find the same after diligent inquiry where they were ordinarily kept; that he tried for several months to make collection and without success; defendant complained that the "piston head was lying over in New Orleans * * * when as a matter of fact it was in a steamship out at sea, going to Japan or somewhere"; said some months later that the work "was condemned," and he was "trying to get it straightened out"; that the entries "from a book of original entry were true and correct * * * a copy of what the witness sent" to defendant, "and he never disputed it at all." The witness was then asked: "What is the amount he is indebted to you in?", and answered over objection, "$1,645.00 and some cents." Further testifying, witness said that he saw the condenser head before it went out, and it was done in a workmanlike manner and properly done; that "the engineer told him it was working fine, and not giving a bit of trouble."

The cases on the question of invasion of the province of the jury are collected by appellant. Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334, was a question of negligence vel non, and for the jury; Arnold v. Gibson, 216 Ala. 314, 113 So. 25, held a witness may not state his conclusion as to the very fact in issue, but may state his judgment as to the existence of collective fact; Scharnagel v. Furst, 215 Ala. 528, 112 So. 102, held offer of guarantors, in action on guaranty to testify they owed nothing, was mere conclusion; Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528, involved question of whether or not assured was in good standing at the time of death; Dersis v. Dersis, 210 Ala. 308, 98 So. 27, held "was he conscious" a competent question in a will case; Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537, involving question of whether the narrowness of the plank caused plaintiff to slip; Miller v. Whittington, 202 Ala. 406, 80 So. 499, held in a will contest witness may not say proponent was so domineering that he would do a dishonest thing to get a dying man to make a will; Clark & Barker v. Eufaula Brick Works, 205 Ala. 545, 88 So. 669, held the existence, character, and extent of agency questions for the jury; Councill v. Mayhew, 172 Ala. 295, 55 So. 314, 317, which held "on the issue as to testamentary capacity, a witness, whether expert or not, cannot testify that the testator was or was not capable of making a will"— a matter for the determination of the jury; Fidelity & Deposit Co. of Maryland v. Adkins (Ala. Sup.) 130 So. 552,[1] held witness may not say that home brew found in the yard or lot of another "was his." In Bryson v. Phelps, 220 Ala. 389, 125 So. 798, and Central of Georgia Ry. Co. v. Faulkner, 217 Ala. 82, 114 So. 686, it was held witness could not declare the issue being tried—that the road at the time and place was a public highway; McCullar v. Williams, 217 Ala. 278, 116 So. 137, where the question was incidental to the issue being tried, witness may state the road in question was a public highway.

In the case of Louis Werner Sawmill Co. v.

[1] 222 Ala. 17.

250

Vinson & Bolton, 220 Ala. 210, 212, 124 So. 420, 422, the rule is thus stated: "The matters to which the witness testified were in some sort conclusions, nonexpert opinions, collective facts would perhaps be a better term (Mobile, etc., R. R. v. Hawkins, 163 Ala. 565, 51 So. 37), as to which the rule is, 'that where numerous impressions of a more primary order are blended into a composite fact of more complex but still inevitably recognizable nature, and it is practically impossible to reproduce or adequately describe to the jury the primary facts on which the witness' inference as to the existence of the ultimate facts is based, the ultimate fact may be stated.' 22 Corpus Juris, 531."

■ The authorities were recently collected in Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 564, 122 So. 686, and will supplement the foregoing authorities and questions of fact inquired about in each case. The question justified in that case was, If the policy was in good standing, what would be the net amount thereof? There was no reversible error in asking the witness and official the question, "What is the amount he is indebted to you in?" He had stated that he made the original entries in the books, made and sent a statement thereof to defendant, who made no objection, and made the account or statement that was exhibited in court and referred to as "that statement there." Richards v. Herald Shoe Co., 145 Ala. 657, 39 So. 615. The objection made was general (Dixie Industrial Co. v. Bank of Wetumpka, 207 Ala. 293, 295, 92 So. 786), and the ground that it was an invasion of the province of the jury or a mere conclusion was not suggested to the trial court when the ruling was made. However, the question and answer were proper as a collective fact. Commonwealth Life Ins. Co. v. Reilly, 208 Ala. 313, 94 So. 294; Newell Contracting Co. v. Wheeler, post, p. 323, 135 So. 479; Dominey v. Dowling-Martin Groc. Co., 200 Ala. 619, 76 So. 977.

■ Having received and accepted the parts in question, and in the absence of special defense, the damages for delay and fitting or installing the parts in the engine or ship were not within the issues being tried—the indebtedness vel non for price of the work or machinery, or for the reasonable price or market value thereof. The plaintiff introduced evidence of his contract, of its reasonable market value, and it was beside the questions at issue to inquire of trouble and delay, expense and damages in changing, correcting, or installing in the ship. The delivery, acceptance, and installation of the part foreclosed these issues of facts under the general issue and nonassumpsit. The matters tending to show the incidental damages of a breach of the agreement to manufacture like the model were matters for special pleas, as recoupment or set-off. English v. Wilson, 34 Ala. 201. This case was under a statute that made available the right to recoup damages under the general issue. Since the enactment of our statute, section 10179, Code, such defense, to be available and recoverable, must be specially pleaded. Lysle Milling Co. v. North Alabama Grocery Co., 201 Ala. 222, 77 So. 748; Grisham v. Bodman, 111 Ala. 194, 20 So. 514; Kansas City, Memphis & Birmingham R. Co. v. Crocker, 95 Ala. 412, 11 So. 262; Bixby-Theisen v. Evans, 186 Ala. 507, 65 So. 81. See section 9470, Code of 1923.

As to damages, the several rulings on questions to which objections were reserved were without error.

■ The rules as to giving general affirmative instructions are well understood. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135. If the court committed no error in giving such charge for plaintiff, then its refusal to give any charge which may have been requested by the defendant could not be any more than error without injury, to say the least of it; that is, if the affirmative charge was properly given, then there was no necessity for the giving of any other charge.

■ There is evidence without conflict that the plaintiff did certain work, furnished material and delivered the same to the defendant; certain products which were accepted by the latter were used in the vessel for which they were constructed, and which the defendant or its executive officer, as a witness, testified had value. This is shown by the evidence of Mr. Lee Kling, who was vice president, pattern maker, and the party who made the contract for the building of the condenser head, and who had charge of the work, and by other witnesses.

The effort of the defendant was to show that the plaintiff had breached its contract, that the defendant suffered damages, and all of which was ruled out by the court, leaving nothing except the testimony showing the contract, the work, the furnishing of material, the acceptance of same, the use of same, and the reasonable market value of same.

The general charge asserted that the plaintiff was entitled to a judgment in some amount, leaving it within the discretion of the jury to fix the amount. The jury were so specifically instructed. There was no error in giving the affirmative charge. Not one witness on behalf of the plaintiff or the defendant testified to anything which had a tendency to show that the things done and delivered, the work furnished and material used in the products, were not of value, and that defendant did not use the finished products for the purposes for which they were intended. It will not be necessary to recite the evidence at length on this question.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

