# Enis *et al.* v. Harris, McWhirter *et al.*

## *Action on Account.*

1. *Action on account; when verified account competent evidence of its correctness.*—In an action on an account, before an itemized statement of the account, verified by affidavit, is admissible as competent evidence of the account sued on, under the provisions of the statute (Code, § 2773), the account and verification must show a *prima facie* right of recovery, by showing, among other things, that the amount of the account, which is certain and definite, is due and payable when the suit is brought; and where the verification states that the itemized account is "just, correct, due in part, and unpaid," such account so verified, does not meet this requirement of the statute, and is not admissible in evidence as competent proof of its correctness.

[Enis *et al.* v. McWhirter *et al.*]

APPEAL from the Circuit Court of Fayette.

Tried before the Hon. S. H. SPROTT.

The facts of the case are sufficiently stated in the opinion.

NESMITH & SANFORD, and JAMES J. RAY, for appellants.

McGUIRE & COLLIER, *contra*.

McCLELLAN, J.—This action is by Harris, McWhirter & Co. against Enis *et al.* on an account for goods &c. sold by plaintiffs to defendants. It was commenced by summons and complaint. On the complaint is this endorsement, under section 2773 of the Code: "This action is founded on account verified by affidavit." At the trial, plaintiffs offered, and against the defendants' objection were allowed, to introduce in evidence an itemized account, the verification of which was to the effect that it was just, correct, due in part and unpaid. With this account thus verified before the jury, plaintiffs rested, and upon this evidence the court gave the affirmative charge at their instance. The court erred, in our opinion, both in the admission of the account and in the charge given. The affidavit did not affirm that the account or any certain part of it *was due*, but only that an account for $1,801.17, consisting of a great number of items, was in some uncertain and indeterminable part due and payable, and not due as to other uncertain and indeterminable part. The account and verification must show a *prima facie* right of recovery. One essential constituent of this right is that the amount of the account is due and payable when the suit is brought. That does not appear here. The account as offered and received in this evidence did not make out a case for the plaintiffs, and, so far from their having the right to the affirmative charge, that instruction might well have been given for the defendants.

There is no merit in any of the other points presented by this record.

Reversed and remanded.