# Alexander v. Moore & Kornegay.

## *Action of Assumpsit.*

1. *Conditional continuance, upon payment of the costs.*—It is within the discretion of the circuit court, upon an application for a continuance, to require the payment of the costs of the cause as a condition to granting it; and where a continuance is granted to the defendant upon condition that he pay the costs of the cause, and it is further provided in the order granting the continuance, that if such costs are not paid by the first day of the next term of the court, judgment by default will be rendered against the defendant, the acceptance of the continuance is an assent to the terms upon which it was allowed, and upon the failure by the defendant to pay the costs of the cause by the first day of the next term of the court, the court may properly render judgment by default against him.

2. *Action on account; when verified account competent evidence of its correctness.*—In an action on an account, an allegation in the complaint that the account sued on "is verified by affidavit of a competent witness," is a substantial compliance with the requirements of the statute (Code, § 2773), that the fact of verification must be indorsed "on the summons and complaint or other original process;" and, under the provisions of said statute, in the absence of an affidavit by the defendant denying the correctness of such account, so referred to in the complaint, said account is admissible as competent evidence of the correctness of the items contained therein.

3. *Same; same; if lost may be supplied by another account.*—In an action on an account, where the fact of verification is averred in the complaint or indorsed on the summons and complaint, the itemized statements of the account sued on, verified by affidavit, is merely an instrument of evidence allowed in that particular case to establish certain facts; and if, after the commencement of the suit and before the trial the verified account sued on should be lost or mislaid, it is not necessary that said account should be treated as a note or other contract sued upon, and its contents be proven, but another verified account may be supplied and used as such instrument of evidence.

4. *Same; same; when contents not proven.*—In an action on an account, before an itemized statement of the account verified by affidavit is admissible as competent evidence of its correctness under the

[Alexander v. Moore & Kornegay.]

provisions of the statute (Code, § 2773), the account and verification must show a *prima facie* right of recovery in the plaintiff; and where, in such an action, after the filing of the verified account, it was lost and in the introduction of evidence to prove its contents it was not shown that said account was verified before any officer authorized under the law of this State to take and certify affidavits, nor when the account accrued, nor when it became due, nor what was the substance of the verification, there is a failure to prove the contents of the account, and there was not enough proven to show that the account, if produced, would have established the plaintiff's claim; and upon such proof the plaintiff would not be entitled to recover.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. C. K. ABRAHAM, Special Judge.

This action was brought by the appellees, Moore & Kornegay, against the appellants, J. D. A exander and D. C. Alexander and A. D. Alexander, late partners, under the name and style of D. C. Alexander & Co.

The complaint contained two counts, which were as follows: "1. Plaintiffs, who are successors to Moore & Kennedy, claim of the defendants the sum of $357.62, due by account for goods, wares and merchandise, sold and delivered by Moore & Kennedy to defendants, on towit, March 24th, 1886, which sum, with interest, is now due.

"2. Plaintiffs claim of defendants the further sum of $357.62, due by account stated between Moore & Kennedy and defendants, which sum, with interest, is due and unpaid. And plaintiffs aver that at the time of the commencement of this suit they filed with the clerk of this court an itemized statement of the account due from defendants to them, verified by the affidavit of a competent witness to prove the same, showing the amount due, and plaintiffs further aver that they are the holders and owners of the account sued on in both counts of this complaint."

The defendant, J. D. Alexander, pleaded, 1st, the general issue; 2d, that plaintiffs were not the beneficial owners of the account sued on; and 3d, that the plaintiffs were not the parties really interested in the account mentioned in the complaint.

At the Spring term, 1894, on motion of J. D. Alexander for a continuance on the ground of his sickness, the court made the following order: "This cause is contin-

[Alexander v. Moore & Kornegay.]

ued by defendants on the express condition that the costs in the cause be paid before the first day of the next term of this court, and in default thereof judgment will be rendered by default." At the Spring term, 18 5, the following judgment entry was made: "The plaintiffs, by attorney, move the court for a judgment by default in pursuance of an order of court made at the Spring term, 1894, of this court; said motion being argued by counsel, heard and understood by the court, the same is granted, it appearing to the court that the defendants are in contempt of court in not having complied with the order of the court heretofore made. It is, therefore, considered by the court that the plaintiffs have and recover of the defendants, but the plaintiff's damages being uncertain, it is ordered by the court that a jury come to assess the same."

Upon the execution of the writ of inquiry for the amount sued for in the complaint, the plaintiff proved by the clerk of the court that an account, verified by affidavit, had been filed with the clerk along with the complaint, and that said account, itemized and verified by affidavit, as averred in the complaint, had been filed in his office, but had since been mislaid and could not be found.

The plaintiff's counsel, G. B. Johnston, Esq., then testified as follows: "That he filed an itemized account with the complaint in this cause; that it was verified by affidavit; that he did not remember the name of the witness who proved the account, and did not remember the name or character of the officer before whom the account was proven; that he did not remember the substance or language of the jurat; that he did not remember one single item on the account, and he only remembered that the total amount was the amount claimed in the complaint, towit, the sum of $357.62." This was all the evidence on said trial. The defendant, J. D. Alexander, objected severally to each and every statement of the evidence above set forth as the said evidence was offered, and on his exceptions being overruled, separately excepted; and, also separately moved the court to exclude the several statements of the witnesses, and on being overruled, separately excepted.

Final judgment was rendered against all of the defendants, and from this judgment the present appeal is taken

[Alexander v. Moore & Kornegay.]

by J. D. Alexander, who assigns as error the rendition of the judgment by default, the rulings of the court upon the evidence, and the rendition of the final judgment.

TAYLOR & ELMORE, for appellant.—1. The judgment should have been *nil dicit* and not by default, for the defendant was present insisting upon his pleas and resisting the judgment —*Green v. Jones*, 102 Ala. 303 ; *Grigg v. Gilmer*, 54 Ala. 425; *Rhodes v. McFarland*, 43 Ala. 95 ; *Woosley v. M. & C. R. R. Co.*, 28 Ala. 536   We are aware of the ruling of the court in the case of *Schwarz v. Oppenheimer, Strauss & Co.*, 90 Ala. 462, but in this latter case the court held that such a judgment was good "unless the defendant appeared to sustain his pleas."

2.   The verified account is similar to a written instrument with an attesting witness, the officer making the affidavit taking the place of an attesting witness.   Evidence of the contents of the account could not have been introduced without first producing the attesting witness. *Hughes v. Southern Warehouse Co* , 94 Ala. 613.   After proving loss of the  instrument it was necessary to show that the affidavit was made before an  officer authorized to make affidavit s ; and to show the  contents of the account and of the affidavit.   Neither was done.—Code, § 2773 ; *Alexander v. Handley, Reeves & Co.*, 96 Ala. 220 ; *Smith v. Wert*, 64 Ala. 34.

G. B. JOHNSTON, *contra.*—Unless the court can impose a penalty for disobedience of its  orders or rules, then it would be useless for it to make an order or impose terms. It is contended that courts have the inherent right to impose terms and to  enforce  obedience  of  its orders.— *Brown v. Brown*, 58 Amer. Dec. 641 ; *Somers v. Sloan*, 35 Amer. Dec. 526; *Waller v. Sultzbacher*, 38 Ala. 318; *Gowen v. Jones*, 20 Ala. 128 ; *M. & W. P. R. Co. v. Persse*, 25 Ala. 537 ; *Schwarz v. Oppenheimer*, 90 Ala. 462.   The sworn account sued on under our statute may be introduced in evidence without further proof.   It is given the same character and weight as  a note.   If a note is lost, after suit and before trial, secondary evidence of its contents may be introduced.   Secondary evidence of any writing may be given. The verified account was a writing and  there is no  reason why its contents can not be proved.

[Alexander v. Moore & Kornegay.]

HEAD, J.—The circuit court was authorized in its discretion to require the payment of the costs of the cause, as a condition upon which the continuance would be granted, and to stipulate that in default of such payment by the first day of the next term of the court, judgment by default would be rendered against the defendants; acceptance of the continuance was an assent to the terms upon which it was allowed.—*Maund v. Loeb*, 87 Ala. 374; *Waller v. Sultzbacher*, 38 Ala. 318.

Section 2773 of the Code authorizes the admission in evidence, under certain circumstances, of an itemized statement of the account sued on, verified by the affidavit of a competent witness, taken before and certified by an officer having authority under the laws of this State, to take and certify affidavits. We have held that an averment in the complaint that the account is verified by affidavit is, in substance, an indorsement on the summons and complaint, as required by that section (*Lunsford v. Butler*, 102 Ala. 403); and it may be conceded that the averments in the complaint, in this case, are sufficient to entitle the plaintiffs, in the absence of a sworn denial, to prove their demand by an itemized account, duly verified according to the statute. The difficulty here is, that the plaintiffs offered no such account nor any other evidence of the amount of their claim. They undertook, merely, to give secondary evidence of the contents of an account filed with the clerk, at the institution of the suit, and which had been lost or mislaid.

The act of January 16th, 1879, (Acts, 1879-80, p. 154), required the account to be filed with the clerk at the commencement of the suit, but section 2773 of the Code, does not contain that provision. Now, it is sufficient to give notice to a defendant of the purpose to offer a verified account at the trial, by making the statutory indorsement on the summons and complaint, or the equivalent averment in the complaint, and under said section we see no reason why the account, in a proper case, would not be admissible, although verified after the bringing of the action. If a plaintiff should at or before bringing suit have a verified account, and it should subsequently be lost, or mislaid before the trial, he has only to procure another. We do not think the account the plaintiff may happen to have, when he sues, is to be treated as a note or other contract—the basis of

[Mickle *et al.* v. Montgomery.]

the .suit—whose contents must be proven, if lost or destroyed. A verified itemized account is merely an instrument of evidence, allowable in a particular case to establish certain facts, otherwise provable only by witnesses.—*Gainer v. Pollock*, 96 Ala. 554.

But, if it should be admitted that upon satisfactory proof of the contents of the lost account and of the verification thereof, the jury would have been authorized to act upon such evidence, we are forced to hold that the evidence of the clerk and plaintiff's attorney was insufficient to justify the charge which the court gave. There was a total failure of proof of the contents of the account. It was not shown that it was verified before any officer authorized under the laws of this State to take and certify affidavits, nor when the account accrued, nor when it became due, nor what the substance of the verification was. Enough was not proven to show that the account, if produced, would have established the plaintiff's claim.—*Enis v. Harris*, 103 Ala. 330. The court erred in charging the jury, if they believed the evidence to find a verdict for the p aintiffs for the amount claimed in the complaint, with interest thereon.

Reversed and remanded.

