156 So.2d 637

**ANNISTON SOIL PIPE COMPANY**

v.

**CENTRAL FOUNDRY COMPANY.**

7 Div. 612.

Supreme Court of Alabama.

Sept. 26, 1963.

Young & Young, Anniston, for appellant.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellee.

MERRILL, Justice.

This is an appeal by defendant below from a judgment overruling defendant's motion for a new trial in a cause wherein plaintiff secured a judgment of $31,224.86.

Appellee sued on an account in code form and appellant replied with the general issue. At the conclusion of the trial the court gave the affirmative charge without hypothesis for appellee.

One of the argued grounds in the motion for a new trial is that the court erred in admitting the statement of account into evidence because it was not attached to the complaint. Tit. 7, § 378, Code 1940, provides in part:

"In all suits upon accounts, an itemized statement of the account, verified by the affidavit of a competent witness, * * *, is competent evidence of the correctness of the account, if the plaintiff, at the time of bringing his suit files with his complaint or other initial pleading such verified itemized statement and indorses on the summons or complaint, or other original process, the fact that the account is verified by affidavit; * * *."

Here, the verified statement was filed in the office of the circuit clerk at the same time the suit was filed. The summons and complaint concluded with this statement: "This suit is on an itemized account verified by affidavit."

An averment in the complaint that the account is verified by affidavit, is, in substance, an endorsement on the summons and complaint, as required by the statute. Alexander v. Moore & Kornegay, 111 Ala. 410, 20 So. 339; Lunsford v. Butler, 102 Ala. 403, 15 So. 239. And in the absence of a sworn denial by defendant, as provided by § 378, the account is competent evidence of the correctness of the items contained therein. Authorities supra.

Moreover, even if the account had been inadmissible, the ruling of the court admitting it would have been harmless error because the defendant admitted the correctness of the account. Hawie v. Kelly, 256 Ala. 31, 53 So.2d 609.

Appellant relies on the following sentence in Armour Fertilizer Works v. Kinney, 216 Ala. 547, 114 So. 41:

"Such a statement of the account would have been admissible in evidence, had it been duly verified by affidavit, *and attached to the complaint,* with an allegation of that fact in or indorsed upon the complaint, unless denied by defendant's sworn plea duly filed. * * *." (Emphasis supplied.)

The statement of account in that case was inadmissible under the statute (now Tit. 7, § 378) because it was not verified, but the words "and attached to the complaint" were evidently inadvertently added, because

the statute does not require the verified statement to be attached to the complaint.

The next argued ground of the motion for a new trial is that the court erred in excluding appellant's evidence tending to show that the president of the plaintiff corporation had agreed that appellant should not pay plaintiff for the merchandise making up the account sued on, it being the intention of the parties that plaintiff would acquire all the corporate stock of appellant.

Without discussing the several grounds given by the court why this testimony was excluded, it suffices to say that it was properly excluded under the pleadings. The evidence shows that appellee and appellant were negotiating a purchase and sale which never materialized. This excluded evidence concerned a special purported contract which had not been raised by the plea of the general issue.

On the issues formed by the pleadings, proof of a special contract and its breach was not admissible. Hedden v. Wefel, 13 Ala.App. 485, 69 So. 225, and and cases there cited. Even if the excluded evidence were claimed to constitute setoff or recoupment, the answer would be the same. The defense of setoff and recoupment, to be available, must be specially pleaded and is not available under a plea of the general issue. George v. Roberts, 186 Ala. 521, 65 So. 345; Acme Machine & Welding Co. v. Home Industry Iron Works, 223 Ala. 248, 135 So. 183.

Appellant argues a ground of the motion charging error in the giving of the affirmative charge without hypothesis. Under the admissible evidence, the only issue was whether the appellee had furnished the material at a specified price and whether appellant had used it and not paid for it. Appellee made out a prima facie case and appellant then agreed that it had used the material and had not paid for it, thus making out plaintiff's case without conflict in the evidence.

Where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction in writing without hypothesis on request in writing. White v. State ex rel. Fowler, 262 Ala. 694, 81 So.2d 267; Chichester v. First Nat. Bank of Birmingham, 242 Ala. 227, 5 So.2d 772; Harris v. State, 215 Ala. 56, 109 So. 291; The General Affirmative Charge With Hypothesis In Alabama, 1 Ala. Law Review 151, by Judge J. Russell McElroy.

Lastly, appellant argues that the court erred in instructing the jury to add six per cent interest to the principal. It is urged that it is reversible error for the court, after giving the general affirmative charge with hypothesis, to direct a verdict for a party. This is a correct rule but it has no application here because we have already held that the court properly gave the peremptory charge or the affirmative charge without hypothesis.

Affirmed.

LAWSON, GOODWYN and HARWOOD, JJ., concur.