221 So.2d 122

Nancy ROBERSON

v.

Gloria ROBERSON et al.

7 Div. 774

Supreme Court of Alabama.

March 27, 1969.

Bell & Lang, Sylacauga, for appellant.

H. R. Burnham, of Burnham, Klinefelter & Halsey, Anniston, for appellees.

SIMPSON, Justice.

This is a case involving a guardianship. James Russell Roberson, II was born on June 27, 1908, and was under the care and custody of his father, J. F. Roberson, until the death of his father on February 2, 1966. On February 15, 1966, Nancy Roberson, the appellant in this case, filed a petition in the Probate Court of St. Clair County seeking appointment as guardian for her brother, James Russell Roberson, II. A hearing was held on this petition on February 23, 1966, resulting in a jury verdict, decree and letters of guardianship issued to the appellant.

Thereafter on August 25, 1966 Gloria Roberson, sister-in-law of James Russell Roberson, II, filed a petition in the Probate Court of St. Clair County as next friend of James Roberson, II seeking revocation of the letters of guardianship because there was no sufficient evidence to sustain the decree. Thereafter the petition filed by the appellee was amended to allege that the mental status of the ward had changed since the granting of the letters of guardianship.

The Probate Court in which this petition was filed ordered an examination by a medical doctor made of James Russell Roberson, II, set the matter down for hearing, summoned a jury, and appointed a guardian ad litem. Testimony on this petition was taken before a jury which returned a verdict that there had been a change in the mental condition of James Russell since February 23, 1966, the date

of the granting of the letters of guardianship, and that he was a person of sound mind. An order was entered by the court revoking the letters of guardianship.

Thereafter the appellant took an appeal from the decree rendered by the Probate Court to the Circuit Court of St. Clair County which entered an order affirming the decree of the Probate Court. This appeal is from that order of the Circuit Court, affirming the judgment entered in the Probate Court.

. The only assignment of error argued by the appellant in brief is that the Circuit Court erred in affirming the decree of the Probate Court in that such decree, based upon a jury verdict, is contrary to the evidence. .

Essentially then the appellant is arguing that the decree of the Probate Court should have been set aside because the jury verdict is contrary to the evidence. There is no merit to this assignment of error. We have read the record in this case, which includes the probate proceedings, which were reviewed in the Circuit Court. There is evidence on both sides of the issue bearing upon whether or not James Russell Roberson, II had had a change in mental status from the time the court granted letters of guardianship and the time the jury determined that he was of sound mind. There is a great deal of evidence to the effect that significant changes had occurred in his mental status from the time letters of guardianship were granted until this hearing.

Under the provisions of Title 21, § 16, "At any time after the inquisition, the person ascertained to be of unsound mind * * * may apply * * * for a revocation of the proceedings against him * * *." That is what has occurred here. The appellee. put on evidence that the mental condition of the person involved had improved since the granting of the letters of the guardianship and though there was conflict in the evidence it was sufficient to submit. to the jury. This disputed fact of the change in the mental status of James Russell Roberson, II was properly submitted to the jury for determination. That verdict of the jury is presumed to be correct.

In addition it is somewhat obliquely argued that the Probate Court erred in not granting the affirmative charge in this case directing the jury to find that James Russell Roberson, II was a person of unsound mind. No rule of law is more firmly established by our decisions than where there is a conflict in the evidence the jury should be left to find the facts without interference by the court and "* * * if there is any evidence tending to prove a fact, no matter how slight, the court has no right to take such question from the consideration of the jury. It is the province of the jury and not of the court to find from the evidence the truth of a disputed fact." Tobler v. Pioneer Mining and Manufacturing Company, 166 Ala. 482, 52 So. 86 (1909).

Affirmed.

LAWSON, MERRILL, and HARWOOD, JJ., concur.