269 So.2d 875

**MERCHANTS BANK, a State Bank-
ing Corporation**

v.

**John Franklin COTTON et al.**

SC 14.

Supreme Court of Alabama.

Nov. 30, 1972.

J. Richmond Pearson and Edward P. Turner, Jr., Chatom, for appellant.

Wyman O. Gilmore, Grove Hill, and Howell, Johnston, Langford & Finkbohner and John L. Lawler, Mobile, for appellees.

SOMERVILLE, Justice.

The appellant Merchants Bank, a state banking corporation, brings this appeal from a judgment of the Circuit Court of Clarke County, Alabama, founded upon a jury verdict and from the decision of said

court overruling appellant's motion for a new trial.

Appellant instituted this suit to recover the balance due on a promissory note allegedly endorsed by the defendants. Appellant contends that there were forty endorsers on said note which was originally for $24,000; that fifteen of these endorsers have paid their share (each endorser's liability being limited to $600 by the terms of the note); and that the remaining twenty-five endorsers, the defendants, owe the unpaid balance on the note plus interest and attorney fees. The defendants raised several defenses during the pleading stage of the suit, but the case went to the jury on the amended complaint consisting of two counts and defendants' two pleas of the general issue and sworn plea of non est factum.

The appellant's evidence established that said note was unpaid and that the defendants' signatures appeared on the face of the note as endorsers. Each of the defendants, except one, admitted that his signature was on the note, but all denied ever having signed a promissory note. The inference was that the defendants had signed a sheet of white paper which had subsequently been altered by being attached to or otherwise transformed into a promissory note. The case went to the jury on the evidence and a verdict was returned for the defendants on which judgment was entered. Appellant moved for a new trial but same was denied; hence this appeal.

Appellant made seventeen assignments of error, the first fourteen of which deal with the trial court's refusal to give affirmative charges requested in writing by the appellant and which were argued together in brief. Eight of these affirmative charges were without hypothesis and six were with hypothesis.

We have reviewed these fourteen assignments of error and have determined that they are without merit. Even if the appellant is correct in its contention that there was sufficient evidence at trial to support its allegation that the defendants are liable on the promissory note, we cannot say that such evidence is not without conflict. Our decisions have held that a sworn plea of non est factum not only pertains to the actual physical signing of the instrument in question, but also includes the defense of alterations in the instrument subsequent to the signing thereof. American National Bank & Trust Co. of Mobile v. Long, 281 Ala., 654, 207 So.2d 129; Sulzby v. Palmer, 196 Ala. 645, 70 So. 1.

No rule of law is more firmly established by our decisions than the precept declaring that where there is a conflict in the testimony the jury should determine the facts without interference from the court and that if there is any evidence tending to prove a fact, no matter how slight, the court cannot take such question from the jury. Tobler v. Pioneer Mining and Manufacturing Co., 166 Ala. 482, 52 So. 86; Roberson v. Roberson, 284 Ala. 5, 221 So.2d 122.

Appellant's assignments of error numbered 1, 3, 5, 7, 9, 11, 12 and 13 concern the trial court's refusal to give certain affirmative charges without hypothesis. It is well settled that a party is entitled to the affirmative charge without hypothesis only where the testimony of the opposing party's own witnesses make out a case for the other side and there is absolutely no dispute as to every material issue of fact in the case. The affirmative charge without hypothesis can never be given where there is the slightest conflict in the evidence. The Fidelity and Casualty Co. v. Bank of Commerce, 285 Ala. 580, 234 So.2d 871; Anniston Soil Pipe Co. v. Central Foundry Co., 275 Ala. 545, 156 So.2d 637; Lyle v. Winston County, 274 Ala. 581, 150 So.2d 706. Because we find that there definitely was a conflict in the evidence in the case now before us, we cannot say that the trial court erred in refusing to give the foregoing affirmative charges without hypothesis.

Appellant's assignments of error numbered 2, 4, 6, 8, 10 and 14 take the

point that the trial court erred in refusing to give at appellant's request certain affirmative charges with hypothesis. Generally, affirmative charges with hypothesis may be properly given only if the evidence, when considered most unfavorably against the party requesting such charge, shows clearly and without dispute that such party is entitled to a verdict in its favor. Scroggins v. Alabama Gas Corp., 275 Ala. 650, 158 So.2d 90; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. Shipp v. Shelton, 193 Ala. 658, 69 So. 102. In the present case, had the jury been instructed to find for the plaintiff if they believed the evidence, how would the jury have known which evidence to believe? They could not believe both versions. They had to accept one version and reject the other. Either the defendants knowingly signed a promissory note as endorsers, or they signed a blank sheet of paper which was later transformed into a note. For the reason described above, the trial court did not err in refusing to give the affirmative charges with hypothesis requested by the appellant.

█ Appellant's assignment of error number 15 was not mentioned nor argued in brief and in accord with Supreme Court Rule 9, 279 Ala. XXVI, will not be considered on this appeal.

█ Appellant's assignments of error numbered 16 and 17 concern the trial court's refusal to grant appellant a new trial. It is well settled that where the trial court's refusal to grant a new trial is assigned as error on appeal, only those grounds in support of the motion argued in brief will be considered by the court. Thrasher v. Darnell, 275 Ala. 570, 156 So. 2d 922; Supreme Court Rule 9, supra. Appellees insist that the appellant failed to argue any of its grounds for new trial in its brief and thereby waived both assignments taking that point. With this contention we cannot agree. We think the appellant did argue that the verdict below was contrary to the weight of the evidence and the law, both of which were grounds assigned in its motion for a new trial. How-

ever, we must say that appellant's argument is not convincing. Jury verdicts are presumed to be correct and no ground for granting a new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight of the evidence. Alabama Great Southern R. Co. v. Evans, 288 Ala. 25, 256 So.2d 861; Sapp v. Frost, 266 Ala. 549, 97 So.2d 896; Cobb v. Malone, 92 Ala. 630, 9 So. 738. This presumption, as to the correctness of jury verdicts, is strengthened when the trial judge refuses to grant a motion for new trial. Shores v. Terry, 285 Ala. 417, 232 So.2d 657; Westbrook v. Gibbs, 285 Ala. 223, 231 So.2d 97. And on appeal, this court will not reverse a trial court's refusal to grant a new trial on the ground of insufficiency of evidence unless, after allowing all reasonable presumptions of correctness, the preponderance of evidence against the verdict is so decided as to clearly convince the court that it is wrong. Britton v. Doehring, 286 Ala. 498, 242 So.2d 666.

█ In the instant case there was substantial, competent evidence to support the verdict of the jury and we cannot say that the court below erred in refusing to grant appellant a new trial. Under all the circumstances of the trial, recognizing the province of the jury to determine the credibility of the evidence, to resolve the conflicts therein, to find the facts, apply the law as given in the charge to the facts, and express their conclusion in their verdict; and the refusal of the trial judge to grant the appellant a new trial, thus strengthening the presumption of the verdict's correctness, we are unwilling to reverse the verdict and judgment heretofore rendered against the appellant and in favor of the defendants.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.

HARWOOD, J., dissents.