Rogers, Howard, Redden & Mills and Robert M. Harper, Birmingham, for appellant.

280 So.2d 764

**L. E. CAMPBELL, Ind. and d/b/a All-Type-Business Machines Sales and House of Typewriters**

**v.**

**REGAL TYPEWRITER CO., INC., a corp.**

**S.C. 41.**

Supreme Court of Alabama.

July 12, 1973.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellee.

COLEMAN, Justice.

Defendant appeals from judgment for plaintiff in an action on an itemized, verified account.

Plaintiff contends that defendant is indebted to plaintiff in the amount of $87,585.25, with interest thereon, for used typewriters sold by plaintiff to defendant. Consideration of the evidence in detail will be omitted. The evidence for plaintiff tends to establish that defendant is indebted as alleged in the complaint. Defendant's testimony is to effect that he paid plaintiff for the typewriters and owes plaintiff nothing.

Plaintiff requested eleven written jury charges. Charge 1 is the affirmative charge for plaintiff without hypothesis. Charge 2 is the affirmative charge with hypothesis. Other charges are that the jury must not consider a check for $1,921.-00 given by defendant to plaintiff as payment of the account in full; that said check may be considered as partial payment on the account; that the jury cannot consider the issue whether plaintiff was qualified to do business in Alabama.

Defendant requested seven written charges. Charges 1, 3, and 6 are affirmative charges for defendant without hypothesis. Charges 2 and 7 are that, if the jury is satisfied that plaintiff was not licensed to do business in Alabama, the jury must find for the defendant. Charges 4 and 5 are affirmative charges for defendant with hypothesis.

At the conclusion of argument to the jury, the following occurred:

"THE COURT: Ladies and Gentlemen of the Jury: You have been very patient in listening to the testimony in this case. It comes to the point now where it is The Court's responsibility. Both parties in this case have made a request for a directed verdict, and The Court is treating that as a request by the parties that it be taken from the Jury and a decision made by The Court. Upon that I am doing that and rendering a judgment for the Plaintiff in the sum of $87,585.25, with interest of $5,255.11, making a total judgment of $92,840.36.

"Ladies and Gentlemen, thank you for your attention. You are discharged at this time.

"MR. THOMAS: I object to this decision by The Court."

Judgment was rendered for plaintiff and against defendant for $90,804.10.

Defendant assigns as error the action of the court in taking the case from the jury and rendering judgment for plaintiff.

Defendant contends that such action of the court is contrary to the law of this state; that when there is a conflict in the evidence, the jury should be left to find the facts without interference by the court; and if there is any evidence, no matter how slight, tending to prove defendant's theory of the case the court has no right to take the determination of the disputed issue from the jury.

This court has repeatedly affirmed the proposition stated as follows:

". . . No rule of law is more firmly established by our decisions than where there is a conflict in the evidence the jury should be left to find the facts without interference by the court and '* * * if there is any evidence tending to prove a fact, no matter how slight, the court has no right to take such question from the consideration of the jury. It is the province of the jury and not of the court to find from the evidence the truth of a disputed fact.' Tobler v. Pioneer Mining and Manufacturing Company, 166 Ala. 482, 52 So. 86

(1909)." Roberson v. Roberson, 284 Ala. 5, 6, 221 So.2d 122, 124.

"In civil cases, the question must go to the jury if the evidence or the reasonable inferences arising therefrom furnish a mere gleam, glimmer, spark, the least particle, the smallest trace, a scintilla, in support of the theory of the opposing party. Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 123, 89 So.2d 738, 64 A.L.R.2d 1190." T. R. Miller Mill Co. v. Ralls, 280 Ala. 253, 261, 192 So.2d 706, 713.

Plaintiff's argument is summarized as follows:

"It is earnestly contended that the Court in this case should follow the rule that if a request is made by both parties for a directed verdict that the same is equivalent to a joint request for a finding of fact by the Court, and that such finding will stand if the record discloses substantial evidence to support it and further that the joint request is a waiver of a verdict by the jury. . . ."

The learned Judge McElroy, in his treatise on evidence, has this to say in regard to the waiver rule relied on by plaintiff, to wit:

"Although it is the unsound practice in many jurisdictions that a request by both the plaintiff and the defendant for a direction of a verdict in their respective favors amounts to a submission of the case to the trial judge, and that his decision to give either request will be upheld if there is substantial evidence warranting a finding in favor of the party in whose favor such direction is given, such is not the practice in Alabama. The point has been mentioned but has not been decided by an appellate court in Alabama. Wilkes v. Stacy Williams Co., 235 Ala. 343, 179 So. 245, syl. 10–12." McElroy, The Law of Evidence in Alabama, 2nd Ed., Vol. 3, p. 264.

Plaintiff contends, however, that the waiver rule ". . . was recognized by the Court . . ." in *Wilkes,* and ". . . the Court did, in effect, say that this was the rule in Alabama."

In *Wilkes,* the judgment was reversed for giving the affirmative charge for defendant. Plaintiff was suing for damages for breach of a contract. It appears that the contract was entered into by plaintiff and two men who were then doing business as a partnership. Subsequently the partners formed a corporation and conveyed all personal property of the partnership to the corporation and continued to do business in every respect as prior to incorporation. The corporation sought to defend on the ground that it was not bound by the contract because it was not evidenced by a writing signed by or on behalf of the corporation as required by the statute of frauds as to contracts not to be performed within one year. Apparently the trial court was of opinion that the defense based on the statute of frauds was well taken and gave the affirmative charge for defendant. This court held to the contrary.

In the opinion in *Wilkes,* this court does say that "In some jurisdictions a request by both parties for a directed verdict is equivalent to a joint request for a finding of fact by the court . . ."; that the rule is disputed in many jurisdictions; that where the rule exists it applies only where a request is made for a directed verdict which is essentially different from a request with hypothesis based upon a belief of the evidence by the jury; that in *Wilkes* there was no mutual request for a directed verdict; and that ". . . Even if we should hold that such a request withdraws the case from the jury, we should not hold that there was a withdrawal from the jury by reason of a mutual request based upon a belief by the jury of the evidence. . . ." (235 Ala. at 347, 179 So. at 249)

The report of the contents of appellant's brief in *Wilkes* indicates that appellant was arguing that this court should not

merely reverse the judgment for appellee but should also render judgment for appellant under authority of § 6149, Code 1923 (§ 810, Title 7, Code 1940). ¶ [11–13] of the opinion indicates that what this court said with respect to the waiver rule was said in answer to appellant's argument that this court should render judgment for appellant.

The most this court held in *Wilkes* in this regard is that, even if this court "should hold" that the waiver rule did apply in Alabama, it would not apply in *Wilkes* because concurrent requests by both parties for the affirmative charge with hypothesis are not the equivalent of concurrent requests for a directed verdict. There is in *Wilkes* no suggestion that the rule would apply in Alabama even if both parties did concurrently move for a directed verdict. This court merely acknowledged the existence of the rule in some jurisdictions but did not go further than to show that even if the rule should be held to apply in this state, it did not apply in *Wilkes* because the necessary condition of concurrent requests by all parties for a directed verdict did not there exist. We are of opinion that *Wilkes* is not authority that the rule exists in Alabama.

Plaintiff argues that the fact, that a certain sentence hereinafter quoted, which is contained in Rule 50(a) in the new Alabama Rules of Civil Procedure, shows that the prior existing rule in Alabama is that a mutual or joint request for a directed verdict is equivalent to a joint request for a finding of fact by the court. Plaintiff says in brief:

" . . . To be particularly noticed is Rule 50(a) of the final draft of the 'Proposed Alabama Rules of Civil Procedure' as prepared by the Supreme Court of Alabama Advisory Committee on Civil Practice and Procedure wherein it is stated, 'A motion for a directed verdict which is not granted, is not a waiver of trial by jury even though all parties to the action have moved for a directed verdict.' If the rule that a joint request for a directed verdict by both parties is equivalent to a joint request for a finding of fact is not the rule in the State of Alabama, then it would seem that this sentence in Rule 50(a) has no particular effect and that it is superfluous. There simply would be no reason to have this in that rule if it has no meaning. If that's already the law, then why put it in the rules."

It seems well to state at this point that the new Alabama Rules of Civil Procedure were not in effect when the instant case was tried. What we say here regarding Rule 50(a) is said merely in considering the argument made by plaintiff.

In 68 A.L.R.2d 300, et seq., there appears an annotation on the subject:

"Motion by each party for a directed verdict as waiving the submission of fact questions to the jury"

In § 17 of the annotation, 68 A.L.R.2d at 347, the following appears:

"Rule 50(a) of the Federal Rules of Civil Procedure declares: 'A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts.' That provision plainly abolishes the old federal rule of imputed waiver based on the concurrent pendency of directed-verdict motions. (Citations Omitted)" (68 A.L.R.2d at 347)

Alabama Rule 50(a), in its entirety, is a copy of Federal Rule 50(a). The effect ascribed to the quoted sentence is to abolish or bar the operation of the waiver rule.

Plaintiff's argument is that the insertion of the quoted sentence in Alabama Rule 50(a) shows that the rule makers recognized the prior existence of the waiver rule because the effect of that sentence is to abolish the waiver rule, and there would have been no reason to insert the sentence in Rule 50(a) if the waiver rule did not already exist in Alabama.

It can be argued with equal force that insertion of the quoted sentence in Alabama Rule 50(a) shows that the rule makers recognized the prior nonexistence of the waiver rule in Alabama and inserted the quoted sentence in Rule 50(a) because they did not desire to change the law in Alabama, and, if the quoted sentence were omitted, the omission of the sentence might change the law in Alabama and cause the waiver rule to become the law of this state contrary to the prior existing law.

If Rule 50(a), with the quoted sentence omitted, had been the law of Alabama prior to adoption of the new rules, then plaintiff's argument that insertion of the sentence recognized the prior existence of the waiver rule would be more persuasive; but, no part of Rule 50(a) existed as a rule in this state prior to adoption of the new rules.

We are of opinion that the promulgation of Alabama Rule 50(a) does not indicate that the waiver rule either was or was not Alabama law prior to adoption of the new rules when this case was tried.

We consider briefly the merits of the waiver rule. In 68 A.L.R.2d, the annotator makes the following general statements:

"The idea and proposition that a party who at the close of evidence moves for a directed verdict in his favor waives, or to any degree suggests that he waives, the submission of fact issues to the jury if it so happens that before he is able to get his motion disposed of the opposite party interposes a counter directed-verdict motion, may pardonably be regarded as one of the oddest items to be found among the curios of the law. For surely a motion for a directed verdict is designed to present to the court not a jury question, but a peculiarly court question, and a parallel and opposed directed-verdict motion likewise presents a mere court question, and from the two independent motions, without more, it is difficult in reason to make out any submission of jury questions to the court. . . . " (68 A.L.R.2d at 302)

"The rule adhered to in some cases . . . is that where each party moves for a directed verdict in his favor, and the parties do 'nothing more,' they thereby assume the facts to be undisputed and submit to the court the determination of the inferences to be drawn therefrom. (This manner of stating the rule of waiver follows closely the language of Williams v. Vreeland (1919) 250 US 295, 63 L. ed 989, 39 S Ct 438, 3 ALR 1038, and obviously in certain situations may have a degree of reasonableness not so apparent in others.)" (68 A.L.R.2d at 312)

In a lengthy opinion, the Supreme Court of Ohio considered many prior decisions of that court, apparently overruled some of them, and, in effect abolished the waiver rule in Ohio. Among other things the Ohio Court said:

" . . . See Mason v. Sault, 93 Vt. 412, 414, 108 A. 267, 18 A.L.R. 1426, wherein the Supreme Court of Vermont lucidly set forth its attitude toward the instant question, as follows:

" 'The mere fact that a party moves the court to direct a verdict in his favor does not amount to a waiver of the right, if such he has, to have the case submitted to the jury. Such a motion is in the nature of a demurrer to the evidence of the adverse party, and challenges his right to go to the jury; *but the moving party does not thereby concede that the case should be taken from the jury and submitted to the court on the evidence.* \* \* \* [but] if there is *no* conflict in the evidence nor *any* dispute as to the facts, there is nothing for the jury. The *only* questions to be determined upon the evidence are then *questions of law, which* can be determined *only* by the court.' (Emphasis added.)" Lumber Company v. Eblen, 167 Ohio St. 189, 202, 4 Ohio Ops.2d 256, 147 N.E.2d 486, 68 A.L.R.2d 285.

The Ohio Court stated its conclusion as follows:

"We conclude, therefore, that, where at the conclusion of the evidence in a case, each party requests the court to instruct the jury to render a verdict in his favor, the parties do not thereby clothe the court with the functions of a jury, but that they merely request a ruling on a question of law. At that point, unless both parties have expressly waived the jury, as provided in Section 2315.20, Revised Code, it becomes the sole duty of the trial court to scrutinize the case presented by each party in the light of the law of Ohio relative to directed verdicts, as set forth in the syllabus of the *Hamden Lodge* case, *supra* ([Hamden Lodge No. 517 v. Ohio Fuel Gas Co.], 127 Ohio St. 469, 189 N.E. 246), and to render its decisions on the motions based thereon. If it should conclude that reasonable minds could come to but one conclusion and that there is no question of fact for the jury, then it is its duty to sustain the motion of the successful party and to overrule the motion of the other party, and the question for review will be solely whether the trial court erred as a matter of law in its ruling. If, on the other hand, the court finds that it cannot sustain either motion, thereby determining that there exists in the cause a question or questions of fact upon which reasonable minds could reach different conclusions, based on the evidence, then it is its duty to submit the cause to the jury for a finding upon such facts without the necessity of a request by counsel for such submission. In such case, if proper exceptions are noted, a reviewing court may have before it both the rulings on the motions and the verdict of the jury, but at least it will have a clear picture as to which it can apply the ordinary rules and tests." (Lumber Company v. Eblen, supra, at pages 207, 208, 147 N.E.2d at page 497)

We are of opinion that the waiver rule is not the law in Alabama, and that the trial court erred in taking the instant case from the jury and rendering judgment for plaintiff.

Accordingly, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, McCALL and JONES, JJ., concur.