Louis William Dooley and Hellon Dooley appeal from a $70,000 judgment, entered in a tort action, in their favor against Ard Oil Company, Inc., and QueRay Latner. We affirm.
The sole issue raised on appeal is whether the trial judge erred in denying the Dooleys' motion for a new trial based on inadequacy of damages.
The Dooleys owned the Red Oak Grocery, laundromat, and flea market in Kushla, Alabama. Adjacent to the grocery stood their residence.
On 9 May 1980, QueRay Latner, in the course of his employment with the Ard Oil Company, delivered gasoline to the Red Oak Grocery. An explosion and fire occurred which caused extensive damage to the grocery, flea market and laundromat as well as the Dooleys' residence. At trial, the jury determined that the explosion and fire was proximately caused by the negligence of Latner and while acting in the line and scope of his employment with Ard Oil.
On appeal, the Dooleys do not challenge the jury's findings of liability, but rather the sufficiency of the damages awarded. It is their contention that the only evidence of damages presented at trial proved the repair or replacementvalue of the property to be between $120,000 and $174,000. Therefore, they argue, the trial judge improperly denied their motion for a new trial as the jury's verdict is contrary to the undisputed evidence. We cannot agree.
The proper measure of damages, in a tort action, for the destruction of a building or buildings is the difference between the fair market value of the property immediately before and after the destruction or damage. D. Corley and C.W. Gamble, Alabama Law of Damages, § 7-3 (1982); Illinois CentralRailroad Co. v. Elliott, 17 Ala. App. 134, 82 So. 582 (1919);Southern Railway Co. v. Slade, 192 Ala. 568, 68 So. 867 (1915).
The record is replete with evidence from which the jury could have reasonably determined that the fair market value of all the property destroyed in the fire was only $70,000 in the aggregate. For example, the purchase price for the Red Oak Grocery and its contents as well as the adjacent residence was $45,000. Mr. Dooley himself placed the fair market value for the grocery and residence between $30,000 and $35,000. His tax basis for the grocery *Page 849 
was $29,000 and the building and contents had recently been insured for $40,000.
Other testimony proved the contents of the laundromat were purchased for $3,500 in 1975. The total rent received from occupants of the flea market over the past five years equaled approximately $2,000.
 "Jury verdicts are presumed to be correct and no ground for granting a new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight of the evidence. [Citations omitted.] This presumption, as to the correctness of jury verdicts, is strengthened when the trial judge refuses to grant a motion for new trial. [Citations omitted.] . . ."
S.S. Kresge Co. v. Ruby, 348 So.2d 484, 488-89 (Ala. 1977) (quoting Merchants Bank v. Cotton, 289 Ala. 606, 609,269 So.2d 875 (1972)).
After a careful review of the entire record, we must conclude that the jury fairly returned a verdict for $70,000. The trial court properly denied the Dooleys' motion for a new trial. Accordingly, the judgment is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.