The majority grounds its reversal of the trial court's judgment on its application of certain equitable doctrines, including the doctrine of "unclean hands," to the Alabama Workers' Compensation Act, specifically Ala. Code 1975, § 25-5-77. The employer makes no mention of these equitable doctrines in its brief to this court, however, and we may not hold a trial court in error on grounds not argued on appeal. Thompson v.Skipper Real Estate Co., 729 So.2d 287, 289 n. 2 (Ala. 1999); MerchantsBank v. Cotton, 289 Ala. 606, 269 So.2d 875 (1972). Therefore, I would not reach the issue whether the equitable doctrines discussed in the majority opinion are properly applied to the statutory provisions of the Workers' Compensation Act.
Nonetheless, given the facts of this particular case, and on the basis of the provisions of § 25-5-77, the policies underlying those provisions, and the need to consider the rights of both the employer and the employee within the context of those provisions, I agree with the result reached by the majority in this case.