MOORE, Judge,
concurring in part and dissenting in part.
I respectfully dissent from the main opinion’s affirmance of the judgment as a matter of law entered by the Jefferson Circuit Court (“the trial court”) in favor of Multi Family Services, Inc. (“MFS”), on the claim alleging negligent construction of *727 a hotel brought against MFS by Bella Investments, Inc. (“Bella”), because I conclude that there was sufficient evidence for a jury to infer the fair market value of the hotel owned by Bella before and after the damage occurred.
In IMAC Energy, Inc. v. Tittle, 590 So.2d 163 (Ala.1991), the Alabama Supreme Court held that a jury’s verdict awarding damages to the plaintiffs based on damage to their residence was supported by the evidence. The supreme court reasoned:
“[T]he Tittles produced evidence that in January 1983, they paid $41,300 for the construction of their residence and that on August 3,1988, after the blasting had ceased, the Tittles obtained a repair estimate of $8,500. Although the Tittles presented no evidence indicating the difference in the fair market value of their property before the blasting and its fair market value after the blasting, they testified that they were unable to obtain an appraisal of their residence after litigation had begun. They introduced evidence that they experienced unannounced detonations conducted by IMAC; that they had to suffer the bad smell and foul taste of their formerly clear well water; that their daughter’s hair turned orange as a result of the polluted water; that the polluted water caused their toilet bowls to turn black; that the poor water quality forced them to purchase a water purification system at a cost of $2,495; and that they had to endure, for over a two-year period, the constant anxiety of unannounced detonations by IMAC. We hold that this evidence sufficiently supports the jury’s verdict of $60,000 in compensatory damages as a just and reasonable inference from the evidence presented to support count four of the Tittles complaint.”
590 So.2d at 168-69. The supreme court also discussed Dooley v. Ard Oil Co., 444 So.2d 847, 848 (Ala.1983), stating:
“In Dooley, the jury awarded the property owners $70,000 in compensatory damages after the owners presented evidence that the purchase price for the property and its contents had been $45,000 and that the building and its contents were insured for $40,000. The owners presented further evidence showing that the ‘repair or replacement value’ of the property was between $120,000 and $174,000. This Court affirmed a judgment based on the jury’s damages award of $70,000.”
590 So.2d at 168. Similarly, in the present case, I conclude that the difference in the fair market values of the hotel before and after the damage occurred could be inferred from the evidence presented at the trial in the case, specifically the evidence indicating the contract price for building the hotel; the testimony of Dennis Key, a real-estate appraiser and certified general appraiser, who testified that the present day value of the hotel would be reduced by at least the repair costs; and the evidence regarding the repair costs. Therefore, I would reverse the judgment as a matter of law entered by the trial court on the negligent-construction claim. I concur to affirm the judgment as a matter of law entered in favor of MFS on Bella’s fraudulent-suppression claim.